In the Matter of DAVID BUFFETT, Respondent, v MUNICIPAL CIVIL SERVICE COMMISSION OF THE CITY OF PLATTSBURGH, Appellant, and BOARD OF EDUCATION OF THE CITY OF PLATTSBURGH SCHOOL DISTRICT, Respondent.

In the Matter of WILLIAM LOMBARD, Respondent, v MUNICIPAL CIVIL SERVICE COMMISSION OF THE CITY OF PLATTSBURGH, Appellant, and BOARD OF EDUCATION OF THE CITY OF PLATTSBURGH SCHOOL DISTRICT, Respondent.

Third Department, July 14, 1977

*Thomas A. Robinson* for appellant.

*Lewis & Bell (John L. Bell* of counsel), for David Buffett and another, respondents.

*Robert T. Booth* for Board of Education of the City of Plattsburgh School District, respondent.

KOREMAN, P. J. The Municipal Civil Service Commission of the City of Plattsburgh (commission) has fixed residency requirements for two positions in the city school district which petitioners seek to fill, and has limited eligibility for those positions to residents of the City of Plattsburgh. Petitioners David Buffett and William Lombard challenge the authority of the commission, exercised pursuant to subdivision 4-a of section 23 of the Civil Service Law, to fix such, residency requirements, and petitioner Buffett also attacks the commission's determination that he did not qualify as a resident of the City of Plattsburgh.

Special Term concluded that subdivision 4-a of section 23 of the Civil Service Law which empowers the commission to fix residency requirements for appointments to positions with a city or civil division did not give the commission the power to

fix such restrictions for employees of the school district because under the Education Law only the school board had the authority to make such "policy-making" decisions. Consequently, Special Term granted both petitions, permitting petitioners to take the competitive examinations, for the positions in question. Special Term also found that the commission's determination that petitioner Buffett was not a resident of the City of Plattsburgh was arbitrary and capricious.

Pursuant to section 1 of article XI of the New York State Constitution the power to provide for public education is vested in the Legislature, and pursuant thereto, section 2503 of the Education Law was enacted. Under that statute, broad general power of superintendence, management and control of the educational affairs of the district is granted to the local school board. The only specific power over employment granted to the board is to create positions and appoint persons to fill the positions (Education Law, § 2503, subd 5). We can perceive no valid reason why the Legislature may not impose some restriction on the board's power of appointment by the enactment of other laws, including the Civil Service Law. The Human Rights Law (Executive Law, § 290 *et seq.*), for example, limits the board's discretion in choosing its employees by requiring that it not discriminate on the basis of age, race, creed, color, national origin, sex, marital status or disability (see *Matter of Board of Higher Educ. v Carter,* 14 NY2d 138). The Municipal Civil Service Commission of the City of Plattsburgh has jurisdiction to "administer the provisions of this chapter with respect to the offices and employments in the classified service of such * * * city, including the city school districts of such city" (Civil Service Law, § 17, subd 2). Subdivision 4-a of section 23 of the Civil Service Law provides that the municipal civil service commission "having jurisdiction over positions in a city or civil division may require that candidates for examination for appointment to any such positions be residents of such city or civil division" or residents of the surrounding area.

If it could be said that there is a conflict between the provisions of the Education Law and the Civil Service Law under consideration here, it is more apparent than real. It is clear that only the Civil Service Law deals specifically with residency requirements for employees in the classified service of the school district, and that the Legislature has not granted any specific authority to the school boards under the Educa-

tion Law with regard to residency of its employees. Thus, we do not find that a true conflict exists between the two legislative areas in question. Nor do we find any basis or warrant for Special Term's conclusion that the commission's authority, as it pertains to positions of employment in the school district, is merely administrative in nature, and that policy-making decisions are reserved for the school board. There is no statutory prohibition against the commission making policy decisions, and the statutes involved make no distinction between "administrative" and "policy-making" matters. Moreover, a residency requirement can no more be considered policy-making for a school district than for any other department of the city or municipal subdivision. To hold that the commission's jurisdiction is limited to matters pertaining to administration under the Civil Service Law, and that residency requirements are matters of policy decisions which are excluded from the commission's jurisdiction, would be tantamount to holding that the commission lacks jurisdiction to fix residency requirements for any civil service position, which it is clearly authorized to do under subdivision 4-a of section 23 of the Civil Service Law.

The respondent board of education also contends that the residency requirement limiting applicants for the positions in question to residents of the City of Plattsburgh is arbitrary and capricious since it does not want, need, or support such requirement. While the board argues that it may be necessary to go beyond the city to fill some of its positions, there is no indication in the record that the two specific positions involved here cannot be filled by qualified applicants who reside in the city. Thus, we find no showing of arbitrariness in the residency requirements as promulgated.

Petitioner Buffett contends further, and Special Term found, that the commission acted arbitrarily and capriciously in finding him to be a nonresident of the city. We do not agree. Under the facts as disclosed by this record, we cannot say that the action of the commission was "without sound basis in reason" and "taken without regard to the facts" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). Therefore, the commission's finding that petitioner Buffett did not reside in Plattsburgh is neither arbitrary nor capricious.

We find no merit to petitioners' final argument that this appeal has been rendered moot by an amendment to the rules of the commission.

The judgments should be reversed, on the law and the facts, without costs.

GREENBLOTT, SWEENEY, MAHONEY and MAIN, JJ., concur.

Judgments reversed, on the law and the facts, without costs.