OPINION OF THE COURT
Norman L. Harvey, J.
The petitioner has been a civil service employee of the City of Plattsburgh continuously at least since 1964. She presently is a principal clerk in the water and sewer department of the city. Recently, a vacancy occurred in the office of finance office manager in the Finance Department of the City of Plattsburgh. The city duly posted a notice of open-competitive examination for said position. Petitioner applied to take the examination but permission was not granted for the reason that the petitioner does not reside in the City of Plattsburgh and has not resided in the City of Plattsburgh within the four-month period prior to the posting of the examination.
She now has commenced an article 78 proceeding requesting that the court direct that she be allowed to take the examination and be considered for appointment to the *932 position which she seeks. She concedes that this is not a promotional examination but she alleges that the civil service commission has been arbitrary and capricious in denying her the opportunity to take the examination and to be considered for appointment to the position.
In her article 78 action, presently before the court, she contends that she is entitled to take the examination on two grounds. First, that on at least four other occasions nonresident applicants have been appointed to other positions within the civil service structure of the City of Plattsburgh. She also contends that because she was employed by the City of Plattsburgh prior to enactment of Local Law No. 6 in 1976 she has been grandfathered (by Local Law No. 2 of 1977) into a status permitting her to take the examination.
A four-month residency requirement was enacted in December, 1976 pursuant to Local Law No. 6. In pertinent part Local Law No. 6 states:
“1. * * * all applicants seeking employment with the City of Plattsburgh must, at the time of their application and for at least 4 months prior thereto, be a resident of the City of Plattsburgh [and] * * *
“2. * * * Shall continue to maintain his residency within the City during the term of his employment * * *
“3. * * * The CSC of the City of Plattsburgh may suspend said residence requirements where there is difficulty in recruiting competent employees and such residence requirements would prove disadvantageous to the public interest.”
Local Law No. 6 was amended in March, 1977 pursuant to Local Law No. 2 of 1977. In pertinent part it stated that “the provisions of * * * [Section 2] * * * shall not apply to persons employed prior to 12/22/76.”
The effectiveness of the residency requirement has been ruled upon by the Appellate Division, Third Department, in Buffett v Municipal Civ. Serv. Comm, of City of Plattsburgh (58 AD2d 362). It is clear from that decision that the residency requirements must be adhered to unless there is a specific showing that the position cannot be filled by a competent person unless nonresidents are permitted *933 to take the examination. In the instant case, it is incumbent upon the petitioner to come forward with proof that no candidate meeting the residency requirement is available from within the City of Plattsburgh. The fact that on prior occasions the civil service commission has made such determinations is irrelevant in the instant action. The court cannot review the prior decisions in order to make a determination in the instant case. Obviously, each decision must be based upon the circumstances existing at the time. The mere fact that on prior occasions the civil service commission saw fit to waive the residency requirement but now does not see fit to do so does not, in and of itself, establish that the commission is now acting arbitrarily and capriciously. The petitioner has introduced no evidence indicating that the instant position cannot be filled by a qualified candidate who is a resident of the city.
It is necessary for the court to construe the language of the 1977 amendment to Local Law No. 6. There appear to be no reported cases interpreting this or similar provisions. However, it appears very clear to the court that the amendment only permits a nonresident employed prior to "the enactment of Local Law No. 6 to continue employment. It does not permit a nonresident employee to seek a nonpromotional appointment in an entirely different department of city government.
It is the opinion of the court that petitioner’s relief must be denied.