■ State Division of Human Rights, Petitioner, v State of New York, Department of Mental Hygiene, Rome Developmental Center, Respondent. — Determination and order unanimously confirmed, without costs, and petitions granted in accordance with the following memorandum: The State Division of Human Rights, in a proceeding pursuant to section 298 of the Executive Law, petitions for enforcement of the orders after conciliation, between it and the State Department of Mental Hygiene, which awarded complainants compensatory damages. The State Department of Audit and Control (Audit and Control) has refused payment of the awards and therefore, respondent Department of Mental Hygiene has brought a third-party petition against the Department of Audit and Control to compel payment of the settlement agreed upon. Audit and Control first contends that the division is without power to direct a State agency to pay back salary for a finding of discrimination, citing *City of Schenectady v State Div. of Human Rights* (37 NY2d 421). We find that contention without merit. The Court of Appeals did not there hold that the State lacked power to direct a State agency to pay back salary; rather it invalidated such an order when it was dependent upon an impermissible exercise of the commissioner's authority in directing that complainant be employed by the city. (*City of Schenectady v State Div. of Human Rights, supra,* p 430; *State Div. of Human Rights v Human Rights Comm. of Syracuse & Onondaga County,* 79 AD2d 181.) The award fashioned by the commissioner here was within his statutory power and an order of enforcement should be granted. In response to the several other points advanced by Audit and Control, we further hold that, by enacting authority for the State Division of Human Rights to pursue discrimination claims against employers, and not excluding the State as an employer, the Legislature exercised its power to

waive the State's usual immunity (*Easley v New York State Thruway Auth.*, 1 NY2d 374; *Bowen v State Bd. of Social Welfare of State of N. Y.*, 55 AD2d 235, revd on other grounds 45 NY2d 402); that the jurisdiction of the Court of Claims over claims against the State is not totally exclusive, but is determined as the Legislature may provide (NY Const, art VI, § 9); that the failure of the Legislature to appropriate funds for payment of civil rights claims against the State is not indicative of its intent that the State was not subject to such awards; and that there is no apparent prohibition to the State Department of Mental Hygiene's entering into a conciliation agreement. Accordingly, the third-party petition is granted directing third-party respondent, Department of Audit and Control, to pay the sums agreed upon. (Proceeding pursuant to Executive Law, § 298.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.