■ In the Matter of STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated July 7, 1981, which enforced in all respects the order of the State Division of Human Rights finding that petitioner discriminated against respondent Joseph G. Luma by refusing to consider him as a prospective employee for an available position because of his record of arrests and awarding to respondent compensatory damages for mental anguish and humiliation in the sum of $2,500. Respondent Joseph G. Luma (respondent) filed a complaint with the State Division of Human Rights (division) charging petitioner with unlawful discriminatory practices in violation of subdivision 16 of section 296 of the Executive Law (Human Rights Law) in that petitioner denied respondent employment solely on the basis of an arrest record. The division found probable cause and referred the matter to a public hearing on July 12, 1977. The parties entered into a stipulation of settlement before the

hearing which stipulation, with certain modification, was approved by the commissioner and the matter was ordered discontinued on August 22, 1977. On August 8, 1978 the division notified the parties that a hearing would be held to determine whether there was compliance with the August 22, 1977 order. A hearing was held on August 15, 1978. On December 11, 1978 the commissioner found that the parties had been mutually mistaken as to the terms of the settlement entered into on July 12, 1977. The commissioner held that there had been no meeting of minds between the parties as to the terms of the settlement in that the parties misunderstood what position was being offered to respondent. The commissioner thereupon vacated his earlier order of August 22, 1977 and referred the matter for a public hearing. The hearing was held on July 31, 1979 subsequent to which the commissioner issued an order on April 25, 1980 which found that petitioner had unlawfully discriminated against the respondent in violation of subdivision 16 of section 296 of the Human Rights Law in denying him a job as a mechanic at the Eastern New York Correctional Facility solely because of an arrest record. The order awarded damages of $2,500 to respondent for mental anguish and humiliation suffered by him as a result of petitioner's unlawful acts. The division's order was unanimously affirmed on July 7, 1981 by the State Human Rights Appeal Board. This proceeding ensued. Petitioner seeks annulment of the determination of the State Human Rights Appeal Board setting aside the stipulated settlement entered into by the parties. It is urged that the parties entered into a binding stipulation and no mutual mistake or lack of a meeting of minds had been demonstrated in the record to justify the determination setting it aside. We disagree. The finding and order of the board is supported by substantial evidence. The stipulation read into the record was unclear on its face. It referred to the job offered to respondent at one point as "maintenance assistant" and at another as "maintenance mechanic". Respondent believed he was being offered a mechanic's position at grade 12. The division's attorney also indicated that this was also his understanding. Counsel for petitioner on the other hand indicated that he was offering a lower grade position of maintenance assistant. Under such circumstances, the order of vacatur was appropriately made (see *Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397). Petitioner next contends that respondent is estopped from challenging the settlement because in accepting the position of maintenance assistant, in which position he has been employed since April 6, 1978, he has benefited from the transaction and should, therefore, be bound by its terms. We find that the doctrine of estoppel is inappropriate here. Immediately upon realizing that petitioner intended to offer him a position at a lower grade than what he believed had been agreed on in the settlement, respondent protested to petitioner and to the Division of Human Rights which then scheduled the compliance hearing. Thus, petitioner was notified immediately that respondent was going to pursue his legal remedies. Respondent's continued employment as a maintenance assistant was performed under protest and out of personal financial necessity. Finally, petitioner challenges the authority of the Human Rights Appeal Board to award compensatory damages for mental anguish and humiliation to respondent. It contends that section 297 of the Executive Law does not waive the sovereign immunity of the State so as to permit an award of damages by the division and that such authority reposes only in the Court of Claims. We find petitioner's reliance on *City of Schenectady v State Div. of Human Rights* (37 NY2d 421) for this proposition to be without merit. The Court of Appeals in *City of Schenectady* (*supra*) has indicated that the State is an employer subject to the Human Rights Law. The Commissioner of Human Rights has been given broad power to order a violating employer to take affirmative action to right a transgression. This

includes an award of "compensatory damages to the person aggrieved" (Executive Law, § 297, subd 4, par c) where there is no collision with other applicable law (see *State Div. Of Human Rights v State of New York, Dept. of Mental Hygiene, Rome Developmental Center,* 85 AD2d 915; *Matter of Buffett v Municipal Civ. Serv. Comm. of City of Plattsburg,* 58 AD2d 362; *Matter of New York City Dept. of Personnel v New York State Div. of Human Rights,* 56 AD2d 795). The Legislature, in enacting the Human Rights Law, has waived sovereign immunity to the extent of subjecting the State to the regulations of the law. We find that the award here was fashioned by a statutory grant of power and was appropriate to compensate respondent for the wrong suffered. We also conclude that the findings of the board are supported by substantial evidence. Determination confirmed, and petition dismissed, without costs; cross petition for order of enforcement granted, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.