OPINION OF THE COURT
 

 Wachtler, J.
 

 This appeal concerns the nature of the procedural limitations applicable to civil actions brought against the State pursuant to the Human Rights Law (Executive Law, art 15). Specifically, we are asked to determine what Statute of Limitations is applicable to such claims, and whether the plaintiff in such actions must pursue a claim for monetary relief in the Court of Claims.
 

 
 *445
 
 Plaintiff applied for a position as a food service worker at the Pilgrim State Psychiatric Center, a facility under the jurisdiction of the New York State Department of Mental Hygiene. He alleges that he was hired in that capacity in April of 1981, but that his employment was immediately terminated as a result of a medical examination which he failed because of his poor vision. Claiming that his medical condition would not impair his ability to work, plaintiff commenced this action by service of a summons and complaint in February of 1982 seeking reinstatement, back pay, and damages for embarrassment, humiliation and mental and emotional distress. The complaint alleges that defendants improperly terminated plaintiff on the basis of his physical disability, in violation of the Human Rights Law (Executive Law, § 296).
 

 Defendants moved to dismiss the complaint on the grounds that the four-month Statute of Limitations (CPLR 217) applicable to plaintiff’s action had expired, and that the court was without subject matter jurisdiction over a claim for monetary relief against the State which can only be sued for in the Court of Claims. Special Term granted the motion, holding that the four-month Statute of Limitations is applicable, inasmuch as the determination challenged by plaintiff is reviewable in an article 78 proceeding, and that plaintiff’s action was thus time barred. The court also concluded that plaintiff’s claim for money damages could only be pursued in the Court of Claims, because the State had not consented to suit elsewhere. The Appellate Division affirmed, without opinion. The appeal is before us by leave of this court.
 

 The State Division of Human Rights (Division), created by section 293 of the Executive Law, is empowered to receive, investigate, and pass upon complaints alleging violations of the Human Rights Law (Executive Law, § 295, subd 6). The procedure governing the administrative handling of such complaints expressly provides that filing must take place “within one year after the alleged unlawful discriminatory practice” (Executive Law, § 297, subd 5). In addition to establishing an administrative forum to redress unlawful discriminatory practices, the Legislature provided the aggrieved person with a cause of
 
 *446
 
 action “in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate” (Executive Law, § 297, subd 9). Although the statute specifies no time frame within which such a cause of action must be commenced, we recently addressed that very question in
 
 Murphy v American Home Prods. Corp.
 
 (58 NY2d 293). We held that the institution of a civil action to recover damages pursuant to the Human Rights Law for discriminatory discharge by a private employer is governed by the three-year Statute of Limitations contained in CPLR 214 (subd 2), inasmuch as the action was one to recover upon a liability created by statute
 
 (id.,
 
 at p 307).
 

 The State defendants contend that our decision in
 
 Murphy
 
 does not state the appropriate Statute of Limitations for an unlawful discrimination action against the State. Fully conceding the applicability of the Human Rights Law to it
 
 (Matter of State Dept. of Correctional Servs. v State Div. of Human Rights,
 
 88 AD2d 1061;
 
 State Div. of Human Rights v State Dept. of Mental Hygiene,
 
 85 AD2d 915; see
 
 City of Schenectady v State Div. of Human Rights,
 
 37 NY2d 421 [“public employers” are not excluded from sanctions under the Human Rights Law];
 
 Board of Educ. v State Div. of Human Rights,
 
 42 AD2d 49, affd on opn below 35 NY2d 673 [same]), the State nevertheless asserts that the Legislature never intended to place the State as an employer upon the same footing as private employers for purposes of litigation under the Human Rights Law. Relying on the cases of
 
 Solnick v Whalen
 
 (49 NY2d 224) and
 
 Press v County of Monroe
 
 (50 NY2d 695), the State urges that the four-month Statute of Limitations applicable to a proceeding against a body or officer (CPLR 217) must be applied to the present action.
 

 The cases cited, however, do not support the theory propounded by the State. Both cases involved efforts to have reviewed, by way of declaratory judgment action, determinations of governmental entities. As there is no specific Statute of Limitations for a declaratory judgment action, plaintiffs sought to obtain the benefit of the six-year period of CPLR 213 (subd 1) (action for which no limitation is specifically prescribed by law). The rule announced in those cases is that the limitations period appli
 
 *447
 
 cable to a declaratory judgment action is that applicable to the alternative form of proceeding, if any, available for resolution of the rights sought to be adjudicated in the action. Thus, where the declaratory judgment action was brought to challenge the Commissioner of Health’s retroactive adjustment of Medicaid reimbursement rates
 
 (Solnick v Whalen,
 
 49 NY2d 224,
 
 supra),
 
 or the county legislature’s adoption of the assessment rolls of a sewer district
 
 (Press v County of Monroe,
 
 50 NY2d 695, the determinations sought to be reviewed were capable of resolution by way of article 78 proceeding, and the four-month limitations period was applicable. Because such a time limitation was prescribed, plaintiffs could not avail themselves of the six-year period provided by CPLR 213 (subd 1), which is applicable only when no other period is specifically provided.
 

 The rule set forth in
 
 Solnick
 
 and
 
 Press
 
 does not require, as the State seems to argue, that all proceedings challenging State actions be commenced within four months. When a specific limitations period is clearly applicable to a given action, there is no need to ascertain whether another form of proceeding is available for resolution of the dispute. As we held in
 
 Murphy,
 
 a judicial action for discriminatory discharge commenced pursuant to the Human Rights Law is governed by a three-year Statute of Limitations; we need look no further to determine whether a shorter period might be applicable had plaintiff attempted to have his rights adjudicated by some other procedure.
 

 Nor do we find any merit in the State’s contention that the Legislature intended to afford more favorable treatment to the public employer where a claim of unlawful discrimination is concerned. Indeed, the Legislature, in enacting the Human Rights Law, specifically found that “the state has the responsibility to act to assure that every individual within this state is afforded an equal opportunity to enjoy a full and productive life and that the failure to provide such equal opportunity, whether because of discrimination, prejudice, intolerance or inadequate education, training, housing or health care, not only threatens the rights and proper privileges of its inhabitants but
 
 *448
 
 menaces the institutions and foundation of a free democratic state and threatens the peace, order, health, safety and general welfare of the state and its inhabitants” (Executive Law, § 290, subd 3). Clearly, the elimination of discrimination in the provision of basic opportunities is the predominant purpose of this legislation; all the more invidious is such discrimination when it is practiced by the State. We cannot discern any intent on the part of the Legislature to subject the injured person to a shorter limitations period when the wrong was committed by the State. Thus, the courts below erred in dismissing plaintiff’s complaint as time barred, as the action was commenced well within the applicable three-year Statute of Limitations.
 

 Defendants also urge as a ground for dismissal that Supreme Court is without subject matter jurisdiction over plaintiff’s claim for monetary relief against the State. When the State waives its immunity to suit, it may, of course, limit the right to maintain that suit to a given forum
 
 (Breen v Mortgage Comm.,
 
 285 NY 425). For the most part, this State’s waiver of immunity as to actions for money damages is limited to actions commenced in the Court of Claims (Court of Claims Act, §§ 8, 9). The question in the present case is whether the Legislature intended to limit the injured party to prosecuting a damages claim for unlawful discrimination in the Court of Claims. Defendants point out that the statute itself contains no express waiver of the requirement and urge that the mere creation of a cause of action should not be viewed as consent to suit in another forum.
 

 As noted above, the State is clearly subject to the provisions of the Human Rights Law. It has been held, moreover, that the State Division of Human Rights may award compensatory damages against the State as employer, and that such an award may be enforced without recourse to the Court of Claims
 
 (State Div. of Human Rights v State Dept. of Correctional Servs.,
 
 90 AD2d 51;
 
 Matter of State Dept. of Correctional Servs. v State Div. of Human Rights,
 
 88 1061,
 
 supra; State Div. of Human Rights v State Dept. of Mental Hygiene,
 
 85 AD2d 915,
 
 supra;
 
 1980 Opns Atty Gen 35). In granting the Division
 
 *449
 
 power to award compensatory damages against an employer (Executive Law, § 297, subd 4, par c), the Legislature must be deemed to have waived both the State’s immunity to suit and the requirement that it be sued in the Court of Claims. That being so, we can find no justification for concluding that a different rule should be applicable to judicial actions commenced against the State. In light of the Legislature’s admonition that the provisions of the Human Rights Law must be construed liberally for the accomplishment of their purposes (Executive Law, § 300; see
 
 New York Inst. of Technology v State Div. of Human Rights,
 
 40 NY2d 316, 324;
 
 City of Schenectady v State Div. of Human Rights,
 
 37 NY2d 421, 428,
 
 supra),
 
 we conclude that the Legislature has provided implicit consent that the State be sued in a forum other than the Court of Claims. Inasmuch as the Court of Claims has no power to order such equitable relief as reinstatement (e.g.,
 
 Psaty v Duryea,
 
 306 NY 413, 416-417), a contrary conclusion would lead to the manifestly unfair result of requiring the person against whom the State has unlawfully discriminated to institute separate lawsuits to fully redress the wrong committed. Given the broad, ameliorative purposes of the Human Rights Law, we cannot ascribe such an intent to the Legislature.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the complaint reinstated.
 

 Chief Judge Cooke and Judges Jasen, Jones, Meyer, Simons and Kaye concur.
 

 Order reversed, etc.