OPINION OF THE COURT
Harold E. Koreman, P. J.
Claimant, a former State employee, was injured in the course of her employment in July of 1975. At that time she filed for and received workers’ compensation benefits. Claimant subsequently returned to work but beginning in 1981 and continuing through January of 1983 she was at times absent from her employment, allegedly due to residual effects of the 1975 injury. Claimant’s employment was ultimately terminated by the State on February 10, 1983, on the ground that she has been “absent due to illness continuously for one year” (see Civil Service Law, § 73). Claimant now seeks to recover damages on the grounds that she was wrongfully discharged and subjected to emotional distress, and on the further basis that she was the victim of a discriminatory employment practice. Defendant seeks dismissal arguing that the claim fails to state a cause of action.
Addressing first claimant’s allegations of a common-law cause of action for wrongful discharge, we would note that such action is not cognizable in New York (Murphy v American Home Prods. Corp., 58 NY2d 293, 300-301); nor does claimant allege facts sufficient to constitute an action for intentional infliction of *293 emotional distress by reason of malicious discharge (see, generally, Murphy v American Home Prods. Corp., supra, p 303). Furthermore, a breach of contract action for lost wages may not be maintained since claimant has not obtained reinstatement to her former position via a CPLR article 78 proceeding, a condition precedent to such an action against a public employer (Austin v Board of Higher Educ., 5 NY2d 430, 443-444). Accordingly, the court rejects each of the above theories of recovery.
Turning to the issue of discriminatory employment practice, claimant asserts a cause of action based on violations of the Workers’ Compensation Law (§ 120), the Civil Service Law (§ 73), and the Executive Law (§ 296 [Human Rights Law]). As to the above-cited sections of the Workers’ Compensation Law and the Civil Service Law, a reading of said statutes clearly indicates that neither provides a substantive cause of action.[1] However, claimant’s allegations that her employment was improperly terminated on the basis of a physical disability which does not impair her ability to work does set forth a violation of section 296 of the Executive Law, for which the Legislature has provided a “cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate” (Executive Law, § 297, subd 9; Koerner v State of New York, 62 NY2d 442; see, also, Murphy v American Home Prods. Corp., 58 NY2d 293, 307, supra). Moreover, such an action may be commenced against the State as an employer (Koerner v State of New York, 62 NY2d 442, 446, supra; see, also, City of Schenectady v State Div. of Human Rights, 37 NY2d 421), and it is on the basis of said statute that we find that claimant has properly pleaded a cause of action upon which relief may be granted.
Parenthetically, it should be noted that in Koerner (supra) the Court of Appeals held that the State could be sued for money damages pursuant to the Human Rights Law in a forum other than the Court of Claims. While it did not expressly state that the Court of Claims was also a proper forum,[2] such a holding is *294 implicit in the court’s decision, especially in view of its pronouncement that the Human Rights Law is to be liberally construed for the accomplishment of its purpose (Koerner v State of New York, supra, at p 449). Moreover, since claimant herein is only seeking monetary damage against the State, and not attendant equitable relief, it is evident that the Court of Claims has concurrent jurisdiction over this statutorily created cause of action (Court of Claims Act, § 8; see, also, Koerner v State of New York, supra, p 449; Schaffer v Evans, 57 NY2d 992; Matter of Krumsiek v Regan, 91 AD2d 1134, 1135). Thus, it is our opinion that this court is empowered to hear and determine this claim.
Finally, although it has not yet been judicially determined whether actions in the Court of Claims brought under section 297 of the Executive Law are governed solely by a three-year Statute of Limitations (see Koerner v State of New York, supra, p 446; see, also, CPLR 214; Court of Claims Act, § 12), or are also subjected to the stricter time constraints of the Court of Claims Act (§ 10, subds 3, 4; see, generally, Strain & Son v State of New York Health & Mental Hygiene Facilities Improvement Corp., 57 AD2d 211, 214-215), we would note that claimant has complied not only with the three-year Statute of Limitations, but has also met the time limitations set forth in the Court of Claims Act.
In accordance with all of the foregoing it is now ordered that the defendant’s motion for dismissal be and is hereby denied.

. Section 120 of the Workers’ Compensation Law principally provides that the Workers’ Compensation Board may award civil penalties payable to the State treasury and order the restoration of an employee to his former employment where it determines that an employer has discriminated against an employee who has claimed compensation under the provisions of the Workers’ Compensation Law. Section 73 provides for the manner in which a civil service employee may be separated from employment for ordinary disability, as well as the method by which such employee may procure reinstatement.

. The issue which was presented to the Court of Appeals was: “Specifically, we are asked to determine * * * whether the plaintiff in such actions must pursue a claim for monetary relief in the Court of Claims.” (Koerner v State of New York, 62 NY2d 442, 444, supra; emphasis supplied.)