OPINION OF THE COURT
Harold E. Koreman, P. J.
Claimant, an individual of Hispanic descent alleges that her employment with the New York State Department of Transportation was improperly terminated by reason of her supervisor’s racial prejudice. Defendant moves to dismiss on the ground that the allegations contained in the claim fail to state a cause of action and that the claim was not timely filed.
A review of the pleadings and papers herein establish that claimant’s actions for breach of contract and for intentional infliction of emotional distress are without merit (see, generally, Austin v Board of Higher Educ., 5 NY2d 430, 433-434; Murphy v American Home Prods. Corp., 58 NY2d 293, 300-301; see, also, Lucey v State of New York, 73 AD2d 998). However, the allegations do properly set forth a cause of action stating a violation of the Human Rights Law (Executive Law, §§ 296, 297, subd 9), which statutorily created action may be maintained against the State of New York in its role as an employer (Koerner v State of New York, 62 NY2d 442).
This notwithstanding, it is apparent that the subject claim was not timely filed. Although a Human Rights Law action against the State if brought in Supreme Court would be governed by a three-year Statute of Limitations (Koerner v State of New York, supra, pp 446-448), claimant has elected to. assert this claim in the Court of Claims (see Clancy v State of New York, 126 Misc 2d 292), and is therefore subject to the proce *305 durai rules of this court. In this regard, subdivision 3 of section 10 of the Court of Claims Act mandates that a claim for damages caused by the tort of an employee of the State be commenced within 90 days after accrual. Since claimant herein failed to file a notice of intention or a claim within 90 days after her employment was terminated she has not complied with the requirements of the Court of Claims Act and her claim must be dismissed (see Matter of Welch v State of New York, 71 AD2d 494, 497-498).
In view of the foregoing determination we need not reach the further contentions raised by defendant, i.e., that the issue of discriminatory discharge has been previously litigated by the parties to this action, has been determined in defendant’s favor (Figueroa v Mladinov, Supreme Ct, Albany County, index No. 16480-83, Sept. 30, 1983, Cobb, J.), and that such determination collaterally estops any claim in this court charging discrimination in violation of the Human Rights Law.
In accordance with all of the foregoing it is hereby ordered that the subject claim be and is hereby dismissed.