■ BEULAH D. JONES, Appellant, v STATE OF NEW YORK, Doing Business as STATE INSURANCE FUND, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent to reinstate the petitioner to her position as a consultant, the petitioner appeals from (1) a judgment of the Supreme Court, Westchester County (Rubenfeld, J.), entered February 20, 1987, which, upon granting the respondent's motion for summary judgment dismissing the proceeding as time barred by the Statute of Limitations, dismissed the proceeding, and (2) an order of the same court, entered April 28, 1987, which denied the petitioner's motion for reargument.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner alleges, *inter alia,* that the respondent wrongfully discharged her in October 1983. Under these circumstances, the instant proceeding, which was commenced in December 1986 is time barred by the applicable four-month Statute of Limitations (CPLR 217). The petitioner attempts to salvage the instant proceeding by alleging that she was the victim of (1) sexual discrimination committed by the respon-

dent in violation of the Human Rights Law (Executive Law § 296) and (2) slander uttered by the respondent in August 1984.

We find no merit in these contentions.

A civil action against the State based on an alleged violation of the Human Rights Law is governed by a three-year Statute of Limitations (see, Koerner v State of New York, 62 NY2d 442). Since the petitioner was no longer associated with the respondent as of October 1983 and did not commence the instant proceeding until December 1986, her discrimination claim is time barred.

With respect to the petitioner's cause of action to recover damages for slander, CPLR 215 (3) provides, in pertinent part, that "an action to recover damages for * * * libel, slander, false words causing special damages" must be commenced within one year. Accordingly, that cause of action is also time barred (see, Harris v Camilleri, 77 AD2d 861). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.