■ GERHARD P. STOETZEL, Appellant, v WAPPINGERS CENTRAL SCHOOL DISTRICT et al., Respondents.—In an action, *inter alia,* to recover damages for employment discrimination, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered June 10, 1988, which granted the defendants' motion to dismiss the complaint and denied his cross motion for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

The plaintiff's first cause of action alleges that he was unlawfully discriminated against when he was suspended without pay by the defendants on September 16 and 20, 1983, October 12 through 14, 1983, November 15 through 18, 1983, and December 2, 1983. The suspensions were allegedly due solely to his national origin or ancestry, in violation of Executive Law § 296. The Supreme Court dismissed this first cause of action on the ground that the action was not commenced until October 1986, well after the one-year time period set forth in Executive Law § 297 (5) for filing such complaints. The plaintiff claims that this was error.

While we agree that the Supreme Court's application of Executive Law § 297 (5) was erroneous, the plaintiff's first cause of action must be dismissed as untimely interposed. It is well established that the institution of civil actions to recover damages for unlawful discriminatory practices under Executive Law § 296 is governed by the three-year Statute of Limitations prescribed in CPLR 214 (2) *(see, Koerner v State of New York,* 62 NY2d 442; *Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Jones v State of New York,* 149 AD2d 470; *Koeppel v Wachtler,* 141 AD2d 613). However, Education Law § 3813 (1) provides that in order to maintain a cause of action against a school district, a notice of claim must be presented to the school district within three months after the accrual of the claim. A complaint which fails to allege compliance with Education Law § 3813 is fatally defective *(see, Murray v LeRoy*

*Cent. School Dist.,* 67 NY2d 775), and the failure to comply with the statute or to seek leave to serve a late notice of claim within the applicable Statute of Limitations period is equally fatal to the action *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539; *Pierson v City of New York,* 56 NY2d 950; *see also, 423 S. Salina St. v City of Syracuse,* 68 NY2d 474; *Spedding v Bowman,* 152 AD2d 971; *Summers v County of Monroe,* 147 AD2d 949). Here, the complaint failed to allege compliance with the requirements of Education Law § 3813 (1). The plaintiff conceded that no notice of claim had been served, and he did not seek leave to serve a late notice of claim until after the Statute of Limitations had expired. Accordingly, the plaintiff's cross motion for leave to serve a late notice of claim was properly denied *(see, Pierson v City of New York, supra).*

Further, the Supreme Court properly dismissed the plaintiff's second cause of action for failure to set forth a cognizable claim under either Labor Law § 740 or Civil Service Law § 75-b *(see, Remba v Federation Employment & Guidance Serv.,* 76 NY2d 801; *Leibowitz v Bank Leumi Trust Co.,* 152 AD2d 169). The plaintiff's attempt for the first time on appeal to characterize his second cause of action as sounding in intentional infliction of emotional distress or in prima facie tort is without merit since the allegations in the complaint cannot be read as supporting either theory of liability *(see, Freihofer v Hearst Corp.,* 65 NY2d 135; *Fischer v Maloney,* 43 NY2d 553; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314). Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.