[628 NYS2d 985]

In the Matter of the Arbitration between the STATE INSUR-
ANCE FUND, Appellant, and STATE OF NEW YORK, Respon-
dent.

Fourth Department, June 9, 1995

### APPEARANCES OF COUNSEL

*Raymond C. Green,* Liverpool *(Jean S. Kneiss* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* Syracuse *(John Volinski, Ed J. Thompson* and *Nancy A. Spiegel* of counsel), for respondent.

### OPINION OF THE COURT

CALLAHAN, J.

The State Insurance Fund (State Fund) requests this Court to reverse a Supreme Court order that dismissed its petition seeking, *inter alia,* to vacate an arbitrator's decision that the State of New York (State) is not subject to the mandatory arbitration provisions of Insurance Law § 5105.

On May 7, 1990, John Kowal, an employee of McNye Transportation (McNye), was unloading a truck at the Auburn Landfill when he was struck by a garbage truck owned by the State and operated by a State employee. He suffered serious personal injuries as a result of the accident. Subsequently, he made a claim for workers' compensation benefits. As the workers' compensation carrier for McNye, State Fund paid wage and medical benefits "in lieu of first-party benefits" on behalf of Mr. Kowal in the amount of $37,354 through May 7, 1993.

Pursuant to Workers' Compensation Law § 29 (1-a) and the loss transfer provisions of section 5105 of the Insurance Law, State Fund sought reimbursement from the State, a self-insurer, for all payments made to Mr. Kowal "in lieu of first-

party benefits". The State, through Continental Loss Adjusting Services, Inc. (Continental), its authorized no-fault claims representative, reimbursed State Fund a total of $25,000 in first-party benefits. When Continental refused to make additional reimbursements in the amount of $12,354, State Fund filed for mandatory arbitration against the State under section 5105 of the Insurance Law. The arbitrator found that State Fund had failed to prove that the State was a proper party to the arbitration and, thus, that the arbitrator had no jurisdiction.

By petition pursuant to CPLR 7511, State Fund sought an order vacating the arbitrator's decision upon the ground that it was arbitrary, capricious and without a rational basis in fact or law. The State opposed that application, contending that the State was not subject to the arbitration provisions of the No-Fault Law and that the only forum available to obtain judgment against the State is the Court of Claims. Supreme Court agreed with the State.

■ In its appellate brief, the State contends that "this appeal should be dismissed as academic because the State now acknowledges that the claim petitioner sought to enforce through arbitration should and will be paid". We conclude that this appeal should not be dismissed as academic because it presents a novel and important issue not previously passed on by the courts in New York, and is an issue that is likely to recur, either between the parties or among other insurers in New York (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715). Accordingly, we will discuss the merits of the appeal.

■ Insurance Law § 5105 provides, in pertinent part, as follows:

"(a) Any insurer liable for the payment of first party benefits to or on behalf of a covered person and any compensation provider paying benefits in lieu of first party benefits which another insurer would otherwise be obligated to pay pursuant to subsection (a) of section five thousand one hundred three of this article or section five thousand two hundred twenty-one of this chapter has the right to recover the amount paid from the insurer of any other covered person to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law. * * *

"(b) The *sole remedy* of any insurer or compensation provider to recover on a claim arising pursuant to subsection (a)

hereof, shall be the submission of the controversy to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent. Such procedures shall also be utilized to resolve all disputes arising between insurers concerning their responsibility for the payment of first party benefits" (emphasis added).

When the Legislature enacted the No-Fault Law (Insurance Law art XVIII [L 1973, ch 13], recodified without substantive changes as Insurance Law art 51 by L 1984, chs 367, 805), it created a partial modification of the preexisting system of reparation for personal injuries suffered in automobile accidents *(City of Syracuse v Utica Mut. Ins. Co.,* 83 AD2d 116, 118, *affd* 61 NY2d 691). As part of the No-Fault Law, the Legislature enacted section 674 of the Insurance Law (now section 5105) adopting a new procedure that authorizes first-party benefits with a resulting equitable adjustment between insurers without the need for the formalities applicable to claims and lawsuits *(Matter of City of Syracuse v Utica Mut. Ins. Co.,* 61 NY2d, *supra,* at 693). Subdivision (b) of section 5105 (formerly section 674 [2]) provides that the "sole remedy" of an insurer or compensation provider to recover on a claim for reimbursement of benefits paid shall be submission of the controversy to mandatory arbitration.

In our view, the comprehensive nature of the no-fault legislation indicates a legislative intent that the doctrine of sovereign immunity should have no application to the statutory arbitration proceedings between insurers or self-insurers *(cf., Matter of City of Syracuse v Utica Mut. Ins. Co.,* 61 NY2d, *supra,* at 693). By electing to be self-insured, the State stands in the same position as any other insurer under the No-Fault Law *(City of Syracuse v Utica Mut. Ins. Co.,* 83 AD2d, *supra,* at 122). Thus, we conclude that the Legislature, in enacting section 674 of the Insurance Law (now section 5105) providing that mandatory arbitration shall be the "sole remedy" of an insurer or compensation provider to recover reimbursement for benefits paid from another insurer or self-insurer, must be deemed to have waived both the immunity of the State to suit and the requirement that it be sued in the Court of Claims *(cf., Koerner v State of New York,* 62 NY2d 442, 448-449; *State Div. of Human Rights v State of N. Y., Dept. of Mental Hygiene,* 85 AD2d 915). In light of the comprehensive nature of the No-Fault Law and the mandatory arbitration procedures of Insurance Law § 5105, as well as the well-established intent of the No-Fault Law to reduce court congestion *(see,*

*Montgomery v Daniels,* 38 NY2d 41, 50-51), we conclude that the Legislature has provided implicit consent that the State submit to arbitration in the circumstances of this case.

Moreover, that conclusion is buttressed by the fact that the Legislature has authorized the State, as part of the State operations budget establishing an Automobile Accident Claims Account, to enter into a contract with a private firm to represent the State's interests with respect to settlement and subrogation of claims against State employees arising out of automobile accidents during the course of their State duties *(see,* L 1993, ch 50, at 533-534). The legislation provides, in pertinent part, as follows: "Notwithstanding any other provision of law, any such contract may provide for the payment of benefits up to a maximum of $50,000 for any occurrence in accordance with article 51 of the insurance law and also for the payment of other property damage or bodily injury or wrongful death claims caused by a tort of such officers, employees, or other authorized personnel up to a maximum of $25,000 for each claimant in accordance with such terms, conditions, and requirements as shall be set forth in such contract" *(id.,* at 534).

Therefore, the State, in electing to be a self-insured and contracting with a private firm to act as its representative in automobile accident claims involving the State and its employees, must be deemed to have implicitly waived its sovereign immunity and the requirement that it be sued in the Court of Claims, in order to participate in the comprehensive no-fault statutory scheme, including the mandatory arbitration procedures of section 5105 of the Insurance Law.

Accordingly, the order of Supreme Court should be reversed, the petition granted and the decision of the arbitrator vacated.

PINE, J. P., LAWTON, WESLEY and BOEHM, JJ., concur.

Order unanimously reversed, on the law, without costs, and petition granted, in accordance with the opinion by CALLAHAN, J.