■ HELEN CAMPO, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Respondent. [637 NYS2d 365] —Order, Supreme Court, New York County (Jane Solomon, J.), entered April 5, 1994, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment and to add herself as a party plaintiff as executor of her husband's estate, unanimously affirmed, without costs.

Although the IAS Court incorrectly determined that plaintiff's action was time-barred by the four-month Statute of Limitations applicable to CPLR article 78 proceedings (*see, Koerner v State of New York*, 62 NY2d 442, 446-447), it properly concluded that, on the merits, defendant's practice of assigning a retiree the maximum retirement allowance, which precludes a death benefit in the event the retiree does not elect a pension option within a 60-day deadline, was not violative of either plaintiff's husband's pension contract with defendant or any fiduciary duties owed him by defendant, and that plaintiff is neither a third-party beneficiary of the pension contract nor owed any fiduciary duties by defendant. Moreover, decedent accepted the maximum retirement allowance for three and one half years prior to his demise. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Tom, JJ.