9 N.Y.3d 367 (2007)
880 N.E.2d 6
849 N.Y.S.2d 485
In the Matter of JENNIFER AMOROSI, Appellant,
v.
SOUTH COLONIE INDEPENDENT CENTRAL SCHOOL DISTRICT et al., Respondents.
Court of Appeals of the State of New York.
Argued November 13, 2007.
Decided December 18, 2007.
*368 Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), and Harris & Conway, PLLC for appellant.
Ryan & Smallacombe, PLLC, Albany (John F. Moore of counsel), for respondents.
*369 James R. Sandner, Latham, and Kevin H. Harren for New York State United Teachers, amicus curiae.
Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

OPINION OF THE COURT
CIPARICK, J.
In this appeal we are asked to determine the statute of limitations applicable to a damages claim for illegal workplace discrimination brought under Executive Law § 296 against a school district. We conclude that the clear and unambiguous language of Education Law § 3813 (2-b) provides that the statute of limitations on such a claim is one year.
Petitioner Jennifer Amorosi was hired by respondent school district in July 1999 as a temporary part-time guidance counselor. In January 2001, she became a full-time counselor and began a three-year probationary period, at the end of which the district would decide whether to grant her tenure. In January 2002, petitioner commenced a maternity leave, returning to work in September 2002. In June 2003, petitioner and the district agreed to extend her probationary period until June 2004. In the first three school years of petitioner's employment, she received favorable reviews, indicating that she was progressing toward tenure. Petitioner's July 2003 review, however, stated that her prospects for tenure depended upon addressing certain performance-related recommendations. Three months later, in October 2003, petitioner sought a second maternity leave. After returning from her second leave in December 2003, petitioner alleges that she received the "poorest" review rating to date and was asked to resign. Petitioner resigned in January, effective June 2004. Petitioner alleges that in early 2005 she became aware of the school district's alleged pattern of discriminatory practices toward pregnant teachers from a local newspaper and from conversations with other female employees who were denied tenure.
On September 7, 2005, petitioner commenced this proceeding against the district and several of its employees. In accordance with Education Law § 3813 (2-a), she sought leave to serve a *370 late notice of claim. In her claim, petitioner alleges that she was discriminated against in violation of Executive Law § 296 because she took maternity leave.
Relying on Lane-Weber v. Plainedge Union Free School Dist. (213 AD2d 515, 516 [2d Dept 1995], lv dismissed 87 NY2d 968 [1996]) and Stoetzel v. Wappingers Cent. School Dist. (166 AD2d 643, 643 [2d Dept 1990]), Supreme Court granted petitioner's application for leave to serve a late notice of claim, holding that CPLR 214 (2) provides a three-year statute of limitations for an Executive Law § 296 claim brought against a school district. The Appellate Division reversed, rejected the reasoning of the Second Department cases relied upon by Supreme Court and concluded that the clear language of Education Law § 3813 (2-b) provides for a one-year statute of limitations. Further, the Appellate Division held that Supreme Court lacked the discretion to grant "petitioner's application for leave to serve a late notice of claim since petitioner commenced this proceeding more than one year after her cause of action arose" (34 AD3d 1073, 1074 [2006]). We granted leave to appeal, and now affirm.
Education Law § 3813 governs the presentation of claims against a governing body of a school district. Subdivision (1) provides, in relevant part, that:
"No action or special proceeding, for any cause whatever, . . . shall be prosecuted or maintained against any school district . . . unless . . . a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim."
Tort claims against a school district are excepted from the statute's notice requirements, and must comply with the notice requirements found in General Municipal Law § 50-e (see Education Law § 3813 [2]). However, a claimant who fails to timely notify the governing body within the three months, pursuant to Education Law § 3813 (1), may apply for an extension. Education Law § 3813 (2-a) provides that "[u]pon application, the court, in its discretion, may extend the time to serve a notice of claim. The extension shall not exceed the time limited for the commencement of an action by the claimant against any district or any such school." The time limited for commencement of such action is provided for in Education Law § 3813 (2-b), which states that:
"Except as provided in subdivision two of this section *371 and, notwithstanding any other provision of law providing a longer period of time in which to commence an action or special proceeding, no action or special proceeding shall be commenced against any entity specified in subdivision one of this section more than one year after the cause of action arose."
Thus, according to the statute, a late notice of claim must be filed no later than one year after a cause of action accrues. The question for us to determine is whether this one-year statute of limitations applies to an Executive Law § 296 cause of action.
In Koerner v. State of N.Y., Pilgrim Psychiatric Ctr. (62 NY2d 442, 446 [1984]) and Murphy v. American Home Prods. Corp. (58 NY2d 293, 307 [1983]), we concluded that the history of the Human Rights Law (Executive Law § 290 et seq.) compelled the conclusion that the statute of limitations for a discrimination claim is three years. Petitioner argues that this three-year statute of limitations should likewise apply to claims brought against a school district notwithstanding the language of Education Law § 3813 (2-b). She urges that the statute's legislative history evinces the intent to have that provision's one-year statute of limitations refer only to contract disputes against school districts, and that applying a one-year statute of limitations to a single class of employeesschool district employeesruns counter to the goals of New York's Human Rights Law. Respondents, on the other hand, maintain that the plain language of Education Law § 3813 (2-b) provides for a one-year statute of limitations for all non-tort claims, including actions to redress discriminatory practices, and that the cases relied upon by petitioner are inapposite. We agree with respondents.
Petitioner's reliance on Koerner and Murphy is misplaced. The defendant in Koerner was Pilgrim State Psychiatric Center, a facility operated under the jurisdiction of the New York State Department of Mental Hygiene, and in Murphy the defendant was American Home Products Corporation, a private employer. Neither involved application of the Education Law with its shortened statute of limitations. To be sure, we opined in those cases that the applicable statute of limitations for the subject Executive Law § 296 discrimination claims was three years, but those conclusions were not based on application of Education Law § 3813.
Petitioner's reliance on Lane-Weber and Stoetzel is equally misplaced, even though the defendants in those matters were *372 indeed school districts. In Lane-Weber, the Appellate Division, citing to Koerner, stated that the statute of limitations for an Executive Law § 296 claim is three years. The issue in that case, however, was whether an action under Executive Law § 296 is subject to the notice of claim provisions in either Education Law § 3813 (2) or General Municipal Law § 50-e. The court held that the Executive Law § 296 claim is not subject to either notice of claim provision because a discrimination action is not a tort claim.
In Stoetzel, the Appellate Division, citing to Koerner and Murphy, likewise opined that the statute of limitations for an Executive Law § 296 claim is three years. The issue there, however, was whether the plaintiff complied with the notice of claim requirement or sought leave to serve a late notice of claim within that three-year statute of limitations. The court concluded that the plaintiff had failed on both counts, and that the plaintiff's motion for leave to serve a late notice of claim was properly denied.
Thus, neither decision involved the specific application of Education Law § 3813 (2-b) to an Executive Law § 296 claim, as is the case here.
Petitioner urges us to consider the legislative history of the Human Rights Law and Education Law § 3813 to determine what statute of limitations the Legislature intended to apply to an Executive Law § 296 claim against a school district. We have previously opined that:
"[I]t is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature, but we have correspondingly and consistently emphasized that where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used. . . .
"We have provided further clear teaching and guidance that absent ambiguity the courts may not resort to rules of construction to broaden the scope and application of a statute, because no rule of construction gives the court discretion to declare the intent of the law when the words are unequivocal. Lastly, the courts are not free to legislate and if any unsought consequences result, the Legislature is best suited to evaluate and resolve them" (Matter *373 of Raritan Dev. Corp. v. Silva, 91 NY2d 98, 106-107 [1997] [internal quotation marks, citations, emphasis and brackets omitted]).
We are hard-pressed to find any ambiguity in the language of section 3813 (2-b). Petitioner has not identified any, and in fact concedes that the language is clear but asks us to give way to legislative intent, claiming that this one-year statute of limitations was created solely as relates to claims by contractors and further that a one-year statute of limitations is contrary to the intent underlying the legislative creation of civil remedies to redress Human Rights Law violations.
Despite any provision for a longer statute of limitations, such as the three-year statute of limitations in CPLR 214 (2), as urged by petitioner, the one-year limitation prescribed in Education Law § 3813 (2-b) should govern discrimination claims against a school district. This is because the Legislature's intent is discernible from the unequivocal language of subdivision (2-b); we need not resort to rules of construction or consider the legislative history of either the Human Rights Law or Education Law § 3813 here. Moreover, grafting the three-year statute of limitations of CPLR 214 (2) onto Education Law § 3813, to create an exception, would render the statute's unambiguous language superfluous. As we have stated previously, such a construction should be avoided (see Majewski v. Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 587 [1998]).
Furthermore, "[t]he Legislature is presumed to be aware of the law in existence at the time of an enactment" (B & F Bldg. Corp. v. Liebig, 76 NY2d 689, 693 [1990]). The Human Rights Law was enacted in 1968, and Education Law § 3813 (2-b) was enacted in 1981. Had the Legislature wanted a longer statute of limitations for illegal workplace discrimination claims against school districts, it could have excepted those claims from the language of Education Law § 3813 (2-b), just as it did for tort claims in Education Law § 3813 (2). It did not do so.
We conclude that the latest that petitioner's claim against the district could have accrued was January 2004, when she resigned. Petitioner's September 2005 application for leave to file a late notice of claim, filed more than a year and eight months after her resignation, was thus untimely. Although the result is in apparent contradiction with the policy of eliminating employment discrimination in the public sector, *374 Education Law § 3813 (2-b) left Supreme Court without discretion to grant petitioner's application to serve a late notice of claim.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Order affirmed, with costs.