■ EVERETT STEMBRIDGE, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [931 NYS2d 72]—

This action was appropriately dismissed since plaintiff's causes of action accrued on August 15, 2006, when he was terminated from an Aspiring Principals program. Plaintiff's complaint acknowledges as much and the written notice of termination references that day. Accordingly, the action, commenced in August 2009, was untimely as it was beyond the one-year statute of limitations (Education Law § 3813 [2-b]; *see Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367, 373 [2007]). The record also shows that plaintiff did not file a timely notice of claim (Education Law § 3813 [1]).

Plaintiff's reliance on the arbitration held in 2009, which found that defendant could not recoup monies it had inadvertently paid to plaintiff following his termination from the program, is misplaced. The arbitration did not create a new accrual date for the subject action, as it did not deal with issues of either termination from the program or defendant's alleged discrimination, but only with whether there was a contractual basis for defendant to recoup the alleged overpayments.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Richter, JJ.