Patel v Maybank Kim Eng Sec. USA INC. (2025 NY Slip Op 05194)

Patel v Maybank Kim Eng Sec. USA INC.

2025 NY Slip Op 05194

Decided on September 30, 2025

Appellate Division, First Department

MICHAEL, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Barbara R. Kapnick Manuel Mendez Bahaati E. Pitt-Burke Marsha D. Michael

Index No. 651062/23|Appeal No. 4537|Case No. 2024-03749|

[*1]Ankit Patel, Plaintiff-Appellant,
v
Maybank Kim Eng Securities USA INC., Defendant-Respondent.

Plaintiff appeals from an order of the Supreme Court, New York County (Louis L. Nock, J.), entered on or about May 15, 2024, which granted defendant's motion to dismiss the amended complaint's second cause of action under Labor Law §§ 193 and 198 for unpaid severance pay.

Bronster LLP, New York (Don Abraham of counsel), for appellant.
Kauff McGuire & Margolis LLP, New York (Michele A. Coyne of counsel), for respondent.

MICHAEL, J. 

Plaintiff seeks relief against his former employer under Labor Law §§ 193 and 198 for unpaid severance pay. Supreme Court dismissed plaintiff's claim upon finding that section 198-c barred plaintiff, an executive earning above the statutory threshold, from seeking such relief. However, nothing in the Labor Law impedes plaintiff from seeking civil liability for unpaid severance pay under sections 193 and 198 as a high earning executive. Indeed, the plain language of the statutes provides that "there is no exception to liability" for the "unauthorized failure to pay wages, benefits or wage supplements" (Labor Law §§ 193[5], 198[3]). Accordingly, we reverse Supreme Court's dismissal of plaintiff's second cause of action under sections 193 and 198 and reinstate his claim.
I.
Defendant Maybank Kim Eng Securities USA Inc. hired plaintiff Ankit Patel in 2019 to serve under the title, "Executive Director, Asian equities." Defendant is in the business of securities, and plaintiff's role was to market Asian equities to US, Canadian, and other international institutional investors. Plaintiff was paid a base compensation of $250,000 annually, which eventually increased to $252,492 annually or $21,041 per month.
In September 2022, defendant terminated plaintiff's employment. Pursuant to the parties' separation agreement executed on November 11, 2022, defendant agreed to pay plaintiff a lump sum of five months of his base salary as severance. On January 3, 2023, plaintiff received $63,123, only three months' salary. Plaintiff alleges defendant has refused to pay the balance.
Plaintiff raised two causes of action in his amended complaint. As relevant here, the second cause of action seeks attorneys' fees, costs and liquidated damages under Labor Law §§ 193 and 198. Defendant moved under CPLR 3211(a)(1) and (7) to dismiss the second cause of action. Defendant argued that plaintiff's claim was barred under Labor Law § 198-c because plaintiff was an executive.
Supreme Court granted defendant's motion and dismissed the second cause of action, reasoning that severance pay is considered a wage supplement under the Labor Law, and "[c]laims for such supplements may not be made under the Labor Law by 'any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of one thousand three hundred dollars a week'" (quoting Labor Law § 198-c[3]). The court noted that plaintiff served as an executive director for defendant and that at the time of his termination, he was earning a yearly salary of $252,492, "well in excess of the statutory bar." It rejected plaintiff's argument that the 2021 amendments to Labor Law §§ 193 and 198 provide that all employees, without exception, who successfully bring an action to collect unpaid wages or wage supplements, including severance pay, are entitled to recover attorneys' fees, costs and liquidated damages. The court found that "none of the amendments mention section 198-c's bar on claims for wage supplements by executives, or alter the definition of wage supplements to exclude severance pay."
As discussed below, we agree with plaintiff that the 2021 amendments to sections 193 and 198 of the Labor Law made it clear that there is no exception to liability under those sections for the unauthorized withholding of wages, benefits or wage supplements.
II.
New York Labor Law article 6 (§§ 190 to 199-a) provides a means of legal redress for employees whose employers have wrongfully withheld earned wages. It was enacted to "strengthen and clarify the rights of employees to the payment of wages" (Truelove v Northeast Capital & Advisory, Inc., 95 NY2d 220, 223 [2000]).
Under Labor Law § 193(1), "No employer shall make any deduction from the wages of an employee" except as required by law or as expressly authorized in writing by and for the employee's benefit (see Matter of Angello v Lab. Ready, Inc., 7 NY3d 579, 584 [2006]). As relevant here, Labor Law § 190(1) defines "wages" to include "benefits or wage supplements as defined in [Labor Law § 198-c]." Section 198-c(2) defines "benefits or wage supplements" to include, among other things, separation pay. An "employee" under section 190(2) is defined as "any person employed for hire by an employer in any employment." This definition "plainly embraces executives" (Pachter v Bernard Hodes Group, Inc., 10 NY3d 609, 614 [2008]).
Labor Law § 198 provides civil remedies, including liquidated damages and attorney's fees, for "an employee who prevails under a substantive provision of Labor Law article 6" (Frances v Klein, 231 AD3d 535, 536 [1st Dept 2024]). It further provides that "[a]ll employees shall have the right to recover full wages, benefits and wage supplements and liquidated damages" (Labor Law § 198[3] [emphasis added]).
Labor Law § 198-c on the other hand, authorizes criminal penalties against employers who fail to pay earned benefits or wage supplements, but provides that "[t]his section shall not apply to any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of [$1,300] a week" (Labor Law § 198-c[3]). This "limitation appears to apply only to that particular section" (Pachter v Bernard Hodes Group Inc., 505 F3d 129, 132, n 3 [2d Cir 2007], certified question answered, 10 NY3d 609 [2008]).
In 2021, the Legislature enacted the No Wage Theft Loophole Act (L 2021, ch 397) (the Act). The Act amended the Labor Law to provide that "[t]here is no exception to liability" under sections 193 and 198 "for the unauthorized failure to pay wages, benefits or wage supplements" (L 2021, ch 397, §§ 2-3, Labor Law §§ 193[5], 198[3]). The purpose of the Act was to clarify "that Article 6 of New York's Labor Law completely and without exception prohibits lack of distribution of earned wages" (Senate Introducer's Mem in Support, Bill Jacket, L 2021, ch 397 at 5). The Senate sponsor memo stated that the "broad-ranging statute allows prevailing plaintiffs to recover unpaid wages, attorney's fees, and in many cases liquidated damages" and lamented that "[t]o the detriment of employees everywhere . . . the statute is often interpreted extremely narrowly by courts who misconstrue or overlook its rights-affirming language" (id.). The memo further stated that New York's Labor Law "finds itself watered down by judicially created loophole[s]" (id. at 6). Although the Act was largely intended to counteract judicial rulings finding that a "deduction" did not encompass a wholesale withholding of wages, the Legislature was emphatic in its intention "to clarify for the courts once and for all that wage theft remains completely and without exception in violation of statute and all employees are entitled to full wages, benefits and wage supplements earned" (2021 NY Senate Bill S 858 [emphasis added]).
In relying on section 198-c's criminal liability exception to shelter defendant from civil liability under sections 193 and 198, Supreme Court's decision is contrary to the Legislature's expressed intent to amend these rights-affirming statutes to impose liability for wage theft "completely and without exception" (id.) Additionally, it directly conflicts with Labor Law § 198(3)'s command that "[a]ll employees shall have the right to recover full wages, benefits and wage supplements and liquidated damages" (see Scott A. Lucas, Labor Law Article 6: A Misunderstood Law That Fully Protects All Employees' Wages, 80 Alb L Rev 1355, 1374-79 [2017]; National Employment Lawyers Association of New York's (NELA/NY) Memo in Support at 5 n 2, Bill Jacket, L 2021, ch 397 ["There is no conflict between section 198(3)'s rights-affirming language and section 198-c(3)'s limited exception to criminal liability because section 198(3) deals exclusively with civil liability"]). Supreme Court cites to Pachter in support of its decision but Pachter does not support the court's wider application of section 198-c(3)'s exception.[FN1]
In Pachter (10 NY3d at 616), the Court of Appeals held that executives, like plaintiff here, are "employees" within the meaning of Labor Law article 6 "except where expressly excluded." It noted that there are "several provisions in article 6 [which] make specific reference to the exclusion of executives. For example, section 192(2) removes executives . . . from the requirement that wages be paid in cash to "any employee" and section 198—c(3) contains a similar exclusion relating to benefits and wage supplements" (id. at 615). Further, the Court held:
"If, as [defendant] claims, executives are not employees in the first instance, these two unambiguous exclusions would be wholly superfluous; there would be no need to eliminate executives from the enumerated subcategories of employees if they were not within the ambit of the general definition of "employee" in subdivision (2) of section 190 (see e.g. Matter of Amorosi v South Colonie Ind. Cent. School Dist., 9 NY3d 367, 373 [2007]). In addition, under the interpretation of "employee" proposed by [defendant], Labor Law § 194 would not prohibit employers from paying similarly situated executives at different rates of compensation solely on account of their gender—an absurd proposition that the Legislature surely did not intend" (id).
Sections 193 and 198 do not "expressly" exclude executives from the definition of employees. Thus, "all employees" under section 198 means just that — all. By narrowing this provision, Supreme Court's decision fails to follow "Pachter's core message — that one section's exclusions do not apply to other sections unless expressly stated" (Lucas, Labor Law Article 6, 80 Alb L Rev at 1379).
Here, plaintiff, an executive director earning more than $250,000 annually at the time defendant terminated his employment, falls under the exception in section 198-c(3). However, he is not seeking criminal liability against his employer for wrongfully withholding severance pay under section 198-c. He is instead properly seeking attorneys' fees, costs, and liquidated damages for unpaid severance pay under the broadly worded Labor Law §§ 193 and 198. Plaintiff sufficiently alleges that pursuant to the parties' November 2022 separation agreement, defendant agreed to pay him five months of his base salary as severance, but he was only paid three months' salary. As "all employees shall have the right to recover full wages, benefits and wage supplements
and liquidated damages" (Labor Law § 198[3]) without exception, plaintiff is permitted to pursue civil liability against defendant for withholding severance pay.
Accordingly, the order of the Supreme Court, New York County (Louis L. Nock, J.), entered on or about May 15, 2024, which granted defendant's motion to dismiss the amended complaint's second cause of action under Labor Law §§ 193 and 198 for unpaid severance pay, should be reversed, on the law, without costs, and the motion denied.
Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about May 15, 2024, should be reversed, on the law, without costs, and the motion denied.
Opinion by Michael, J. All concur.
Renwick, P.J., Kapnick, Mendez, Pitt-Burke, Michael, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025

Footnotes

Footnote 1: We note that in Naderi v North Shore-Long Is. Jewish Health Sys. (135 AD3d 619 [1st Dept 2016]) and Riggi v Charlie Rose Inc. (212 AD3d 486 [1st Dept 2023]), this Court held that section 198-c barred the plaintiffs from seeking benefits or wage supplements under the Labor Law. However, the causes of action in both cases arose prior to the August 2021 effective date of the No Wage Theft Loophole Act and "the Act does not apply retroactively" (Frances, 231 AD3d at 536).