Henriquez v City of New York (2026 NY Slip Op 01460)

Henriquez v City of New York

2026 NY Slip Op 01460

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ. 

Index No. 160044/23|Appeal No. 6119|Case No. 2025-01054|

[*1]Antoinette Henriquez, Plaintiff-Appellant,
vCity of New York et al., Defendants-Respondents.

Ballon Stoll P.C., New York (Avram Turkel of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Hanna L. St. Marie of counsel), for respondents.

Order, Supreme Court, New York County (Jeanine R. Johnson, J.), entered on or about January 22, 2025, which granted defendants' motion to dismiss the complaint and denied as moot plaintiff's cross-motion for leave to amend the complaint, unanimously reversed, on the law, without costs, defendants' motion to dismiss denied, the complaint reinstated, and the matter remanded for consideration of plaintiff's cross-motion to amend the complaint.
Supreme Court improperly granted defendants' motion to dismiss based on plaintiff's complaint being untimely. A plaintiff alleging discrimination by a public employer has the option to pursue either a CPLR article 78 proceeding or a plenary action (see Koerner v State of N.Y., Pilgrim Psychiatric Ctr., 62 NY2d 442, 447 [1984]). As defendants concede, plaintiff filed the complaint on October 13, 2023, well within the three-year statute of limitations afforded by the New York City Human Rights Law (City HRL).
Because a motion to dismiss is subject to de novo review, this Court may determine whether plaintiff stated a claim under the City HRL, even without a ruling from Supreme Court on this issue (see generally Consolidated Rest. Operations, Inc. v Westport Ins. Corp., 205 AD3d 76, 81 [1st Dept 2022], affd 41 NY3d 415 [2024]).
In considering a motion to dismiss for failure to state a cause of action (CPLR 3211[a][7]), we must accept as true the facts alleged in the complaint, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts alleged fit within any cognizable legal theory (see Vig v New York Hairspray Co., L.P., 67 AD3d 140, 144-145 [1st Dept 2009]). A discrimination case is "reviewed under notice pleading standards," meaning plaintiff is not required to plead specific facts establishing a prima facie case, but rather, "need only give fair notice of the nature of the claim and its grounds" (id. at 145).
Plaintiff, a former New York City Police Department sergeant, sufficiently pleaded that she suffered a disability when she was injured in the line of duty, that she was capable of performing her duties after her injury with a reasonable accommodation (see Phillips v City of New York, 66 AD3d 179, 181-182 [1st Dept 2009]), and that defendants subjected her to adverse treatment in close temporal proximity to her seeking medical treatment. Indeed, plaintiff pleaded that for five years after her injury she successfully worked for defendants under a reasonable accommodation, and that defendants removed plaintiff's accommodation by forcing her to retire without engaging in a collaborative dialogue (see id.).
Plaintiff's hostile work environment claim was also sufficiently pleaded and should not have been dismissed. The alleged comments and remarks to plaintiff at the time she made a disability-related request were more than "petty slights and trivial inconveniences" (cf. Etienne v MTA N.Y. City Tr. Auth., 223 AD3d 612, 613 [1st Dept 2024]).
As the court did not reach the merits of plaintiff's cross-motion for leave to amend the complaint, we remand for the court to determine that motion on the merits (see Gaughan v Russo, 228 AD3d 428, 428 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026