■ BROADWAY MAINTENANCE CORP., Respondent, v TUNSTEAD & SCHECHTER et al., Defendants, and COHEN & BAUMAN et al.,

Appellants.

This is an action against two law firms, and their principals, to recover damages for alleged malpractice in failing to commence timely a suit on a claim for delay damages in Virginia. One of the two firms, and the principals of that firm (Cohen & Bauman, Jesse Cohen and Stephen Bauman) moved for summary judgment asserting that the firm had never been retained in connection with the underlying claim, and had never assumed any professional obligation with regard to that claim that could give rise to any liability.

Special Term denied the motion for summary judgment concluding, with regard to Cohen & Bauman, that it was "conceivable that it did retain some supervision over the litigation." We disagree, and accordingly reverse the order appealed from and grant the motion for summary judgment dismissing the complaint.

The legally dispositive facts seem to us undisputed. Cohen & Bauman had been general counsel to plaintiff for many years. In its role as general counsel, however, the law firm never appeared for, or represented the plaintiff, in connection with construction-contract, delay-damages claims. Plaintiff's underlying claim arises out of a contract with the Commonwealth of Virginia, entered into on July 10, 1973, for the installation of a traffic control signal system for the City of Richmond. In connection with that contract, the plaintiff had utilized local Virginia counsel. Following the completion of its work, plaintiff requested Cohen & Bauman to recommend counsel to pursue its claim for delay damages, plaintiff's own efforts to secure Virginia counsel under satisfactory terms having been unavailing. Cohen & Bauman recommended the law firm of Tunstead & Schechter.

Plaintiff retained that law firm as special trial counsel, and on the recommendation of that firm also retained a Virginia law firm as local trial counsel. The retainer of those two firms was thereafter authorized in the Bankruptcy Court after plaintiff began operating as a debtor in possession under the Bankruptcy Law.

We find no evidence in the record whatever to support the claim that Cohen & Bauman undertook a supervisory role with regard to the work of the two retained law firms. That claim

appears to rest upon incidental services performed by Cohen & Bauman entirely appropriate to its role as general counsel, which in no way implied, or could reasonably be found to have implied, that it was undertaking to supervise the work of the two retained law firms in pursuing the plaintiff's claim for damages in Virginia. Thus, on one occasion an interoffice memorandum was sent by Tunstead & Schechter to Jesse Cohen describing aspects of the claim, and requesting his assistance in securing from the plaintiff its cooperation in providing the documentation necessary for the prompt filing of the claim. Cohen forwarded the memorandum with the comment that it was imperative that the claim be filed immediately.

We see nothing in this appropriate service by general counsel to a client that would justify the conclusion that Cohen or his firm was assuming a supervisory responsibility with regard to this out-of-State action. The other events relied upon by plaintiff are even less relevant to the claim now being urged.

Although not necessary to the determination of this appeal, it is pertinent to observe that three senior managerial employees of the plaintiff, all intimately familiar with the circumstances surrounding the Virginia claim, and all continuing in their managerial capacity with plaintiff, submitted affidavits confirming that Cohen & Bauman had no involvement with the Virginia claim, and in no way participated in the litigation. Concur — Kupferman, J. P., Sandler, Sullivan and Bloom, JJ.