■ CVC CAPITAL CORPORATION, Appellant, v WEIL, GOTSHAL, MANGES et al., Respondents. [595 NYS2d 458] —Order, Supreme Court, New York County (Myriam Altman, J.), entered September 15, 1992, *inter alia,* granting defendants' motion for summary judgment dismissing plaintiff's amended complaint, unanimously affirmed, with costs.

The IAS Court properly dismissed plaintiff's legal malpractice cause of action against defendants. Plaintiff's mere conclusory statement that there is additional documentary evidence in defendant's possession which will establish defendants' duty in a 1986 Puerto Rico bankruptcy matter to supervise the rendition of professional services by Puerto Rican law firms

retained by plaintiff provides no basis, pursuant to CPLR 3212 (f), for postponing a decision on the summary judgment motion *(see, European Am. Bank v Lofrese,* 182 AD2d 67). More importantly, no material issues of fact exist as to whether "but for" any alleged negligence on defendants' part, what would have been a favorable outcome was an unfavorable one *(Zarin v Reid & Priest,* 184 AD2d 385, 386). Even if sufficient evidence existed to demonstrate defendants owed a duty to supervise the Puerto Rico-based counsel, no independent duty existed to independently verify factual reports made by those attorneys concerning the timeliness of pleadings filed, their court appearances, and representations made concerning the actions of a bankruptcy trustee in 1986 *(see, Broadway Maintenance Corp. v Tunstead & Schechter,* 110 AD2d 587).

Plaintiff's cause of action alleging breach of fiduciary duty merely tracks the allegations of the malpractice claim and does not allege any independent intentional tort, and was, therefore, properly dismissed *(see, Zarin v Reid & Priest, supra,* at 387).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Kupferman, Asch and Kassal, JJ.