■ JANICE A. DONOGHUE, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Formerly Known as NEW YORK CITY BOARD OF EDUCATION, et al., Respondents. [915 NYS2d 547]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered October 6, 2009, which granted respondents' cross motion to dismiss this CPLR article 78 proceeding seeking, inter alia, to require respondents to grant petitioner tenure as an earth science teacher as of September 1, 2005, unanimously reversed, on the law and in the exercise of discretion, without costs, the petition reinstated, and the matter remanded for further proceedings.

Contrary to respondents' claim, this appeal is not moot, as petitioner has not obtained all of the relief she seeks.

Article 78 is not limited to review of administrative determinations since a court also has subject matter jurisdiction to review a body's or officer's failure to act (see CPLR 7801, 7803 [1]). On March 6, 2009, petitioner asked respondent New York City Department of Education (DOE) to retroactively grant her tenure in earth science, but DOE failed to act on her request.

Nor is this proceeding, which was commenced on April 6, 2009, barred by the statute of limitations. "In a proceeding for mandamus relief, it is necessary to make a demand and await a refusal, and the limitations period does not commence until the refusal" (Adams v City of New York, 271 AD2d 341, 341-342 [2000]). If there is no refusal, the limitations period does not begin to run (see id. at 342). Even if, arguendo, the clock began to run on March 6, 2009, petitioner brought the instant proceeding well within the four-month deadline set forth in CPLR 217 (1).

It is true that petitioner's March 6, 2009 request was made more than four months after October 28, 2008. However, we exercise our discretion (see Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist., 265 AD2d 838, 839 [1999], lv denied 94 NY2d 758 [2000]) and determine that this proceeding is not barred by laches. If a petition and answer "can be construed as the necessary demand and refusal" (Matter of Triana v Board of Educ. of City School Dist. of City of N.Y., 47 AD3d 554, 557-558 [2008]), petitioner's pre-petition demand should not be deemed untimely.

We remand to permit respondents to answer (see CPLR 7804 [f]; Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 103 [1984]). Concur—Gonzalez, P.J., Sweeny, Acosta, Freedman and Abdus-Salaam, JJ.