In the Matter of DEBORAH A. DAVIDSON, Appellant, v LAGRANGE FIRE DISTRICT et al., Respondents. [920 NYS2d 169]—

After sustaining an injury on a fire call, the petitioner was removed from active duty as a firefighter by the LaGrange Fire District (hereinafter the Fire District), and was awarded salary benefits pursuant to General Municipal Law § 207-a. The petitioner also requested medical benefits to cover her for lymphatic drainage massage therapy and physical strength training therapy, which had been denied by the New York State Insurance Fund (hereinafter NYSIF), which was the workers' compensation insurance carrier for the Fire District and the LaGrange Board of Fire Commissioners (hereinafter the Board). The petitioner wrote a letter to the Board, requesting coverage pursuant to General Municipal Law § 207-a for the lymphatic drainage massage therapy and the physical strength training therapy. The petitioner repeated this request approximately 13 months later in a second letter to the Board. According to the petitioner, she received no response from the Board.

The petitioner's attorney subsequently sent a letter to an attorney representing the Fire District and the Board (hereinafter together the respondents), requesting that the Fire District provide coverage pursuant to General Municipal Law § 207-a for the full cost of knee surgery. In response, the respondents' attorney advised the petitioner's attorney that the request for medical coverage should be submitted to the New York State Workers' Compensation Board (hereinafter the WCB). The

petitioner's surgery was estimated to cost $5,484, and NYSIF informed the petitioner that it would cover only $4,657.32 for this type of procedure. The petitioner apparently submitted a request for coverage to the WCB, and an administrative law judge for the WCB determined that NYSIF was liable for the full cost of the petitioner's surgery. NYSIF filed an application for full board review with the WCB.

Before a decision was rendered by the WCB Office of Appeals, the petitioner commenced this CPLR article 78 proceeding against the respondents. The petition, among other things, sought mandamus, in effect, to compel the respondents to issue a final determination as to the petitioner's request for medical benefits under General Municipal Law § 207-a.

The Supreme Court denied the petition and dismissed the proceeding, without prejudice to the petitioner seeking further judicial review after exhaustion of her administrative remedies. The Supreme Court concluded that the petitioner had not exhausted her administrative remedies, since no final determination of the petitioner's claim had been made by the WCB. We reverse.

Where an officer or agency failed or refused to conduct a hearing or decide a particular matter where there was a mandatory, nondiscretionary duty to do so, mandamus is appropriate to compel performance of the required duty (*see Klostermann v Cuomo*, 61 NY2d 525, 540 [1984]; *Matter of Utica Cheese v Barber*, 49 NY2d 1028 [1980]; *Matter of 2433 Knapp St. Rest. Bar v Department of Consumer Affairs of City of N.Y.*, 150 AD2d 464 [1989]). Pursuant to General Municipal Law § 207-a, a firefighter "who is injured in the performance of his duties . . . so as to necessitate medical . . . treatment, shall be paid . . . the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition, [the] fire district shall be liable for all medical treatment and hospital care furnished during such disability" (General Municipal Law § 207-a [1]). Here, the petitioner contends that, although the respondents have made a determination that she is entitled to receive benefits under General Municipal Law § 207-a, as evidenced by the fact that they have paid her regular salary since her removal from active duty (*see Matter of Crawford v Sheriff's Dept., Putnam County*, 152 AD2d 382, 386 [1989]), the respondents, despite multiple requests on her part, have not made a determination regarding coverage under General Municipal Law § 207-a for her knee surgery, lymphatic drainage massage therapy, and physical strength training therapy.

A determination by the WCB regarding workers' compensa-

tion benefits, and a determination by a municipal employer regarding statutory benefits pursuant to General Municipal Law § 207-a, are separate and distinct matters. The Court of Appeals made this clear in *Matter of Balcerak v County of Nassau* (94 NY2d 253 [1999]), where it held that a determination by the WCB that an injury is work-related does not, by operation of collateral estoppel, automatically entitle an injured employee to benefits under General Municipal Law § 207-c (the counterpart to General Municipal Law § 207-a that applies to police officers). A municipality's obligation to pay wages and medical costs under General Municipal Law §§ 207-a or 207-c is in no way dependent upon any determination made by the WCB. Rather, "the eligibility determinations for these distinct types of statutory benefits" must "stand and be resolved essentially on their own merits" (*Matter of Balcerak v County of Nassau*, 94 NY2d at 261).

Here, any workers' compensation remedies that may have been available to the petitioner were separate from and independent of her request that the respondents provide coverage for the full cost of her knee surgery under General Municipal Law § 207-a. Thus, contrary to the Supreme Court's determination, the petitioner was not required to exhaust her administrative remedies in the workers' compensation proceeding before pursuing this CPLR article 78 proceeding against the respondents. We further note that the Supreme Court failed to address those branches of the petition which sought coverage for lymphatic drainage massage therapy and physical strength training therapy.

Accordingly, the petition should not have been denied for failure to exhaust administrative remedies, and we remit the matter to the Supreme Court, Dutchess County, for further proceedings on the petition, and a new determination thereafter. Prudenti, P.J., Florio, Angiolillo and Sgroi, JJ., concur.