Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 19, 2012, which granted defendants’ motion to dismiss the complaint and denied plaintiffs cross motion to amend the complaint, unanimously affirmed, without costs.
Plaintiffs malpractice claim was properly dismissed because he could not allege a but-for causal link between defendants’ delay in commencing a proceeding in court or arbitration and the subsequent denial of the pro se claim he asserted against Lehman Brothers in bankruptcy court (see AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007]). His claim under Judiciary Law § 487 is barred because that statute only applies (except where there is deceit directed against a court) where the alleged deceit takes place during the course of a pending judicial proceeding, and there was no pending proceeding here (Costalas v Amalfitano, 305 AD2d 202, 204 [1st Dept 2003]). Plaintiffs fiduciary duty claim was properly dismissed because it was based on the same conduct as the malpractice claim (CVC Capital Corp. v Weil, Gotshal, Manges, 192 AD2d 324, 325 [1st Dept 1993]). In light of these defects, repleading would be futile, and none of the defects are cured by the proposed second amended complaint. As such, the cross motion to amend was properly denied.
Concur—Tom, J.E, Acosta, Román, Feinman and Clark, JJ.