[5 NYS3d 382]

In the Matter of FLOSAR REALTY LLC et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent.

First Department, March 10, 2015

APPEARANCES OF COUNSEL

*Tenenbaum Berger & Shivers LLP*, Brooklyn (*David M. Berger* and *Damien Bernache* of counsel), for appellants.

*Kelly D. MacNeal*, New York City (*Gil Nahmias, Nancy M. Harnett* and *Matthew G. Dineen* of counsel), for respondent.

## OPINION OF THE COURT

RICHTER, J.

In this appeal, we are asked to decide whether a CPLR article 78 mandamus proceeding can be brought to compel respondent New York City Housing Authority (NYCHA) to (i) process renewal leases requesting increases in Section 8 rent subsidies; and (ii) process requests seeking reinstatement of Section 8 subsidies that were previously suspended due to housing quality violations that were subsequently remedied. We find that although mandamus does not lie to compel NYCHA to reach any particular result with respect to these requests, the petition states a claim for mandamus relief to the extent it seeks to compel NYCHA to make a determination, because NYCHA does not have the discretion to not process petitioners' requests.

Petitioners are 19 owners of residential apartment buildings located in Brooklyn and Staten Island. Some of the units in the buildings are rented, pursuant to rent-stabilized leases, to tenants who participate in the Section 8 voucher program. Under that program, building owners are paid rent subsidies to help lower-income families afford decent, safe and sanitary housing in the private sector. NYCHA is the governmental agency that administers the Section 8 program.

For each tenancy, NYCHA and the building owner enter into a Housing Assistance Payments (HAP) contract pursuant to which NYCHA pays a monthly subsidy in an amount representing the difference between the total rent and the tenant's share of the rent, which is based on the tenant's income. At all times during a Section 8 tenancy, the rent paid to the owner cannot exceed the reasonable rent, as most recently determined by NYCHA (24 CFR 982.507 [a] [4]). In addition to determining the reasonable rent for the initial lease, NYCHA must determine the reasonableness of any proposed rent increase (24 CFR 982.507 [a] [1], [2] [i]).

Building owners are required to maintain the Section 8 units in accordance with certain housing quality standards (HQS), and NYCHA is required to regularly inspect the units and

notify the owner of any defects discovered (24 CFR 982.401, 982.404 [a]; 982.405 [a], [d]). No subsidy payments may be made for a unit that fails to meet HQS unless the owner corrects the defect within a period specified by NYCHA and NYCHA verifies the correction (24 CFR 982.404 [a] [3]).[1]

Petitioners commenced this article 78 proceeding asserting three causes of action. In the first cause of action, petitioners contend that they are entitled to Section 8 subsidy increases upon the renewal of each rent-stabilized lease commensurate with the increases approved by the Rent Guidelines Board (RGB). Petitioners claim they submitted renewal leases to NYCHA requesting the subsidy increases, but NYCHA neither increased the subsidies nor even responded to their requests. In the second cause of action, petitioners allege that NYCHA failed to reinstate previously suspended subsidies for HQS violations even though the owners remedied the deficiencies and submitted certifications of repair to NYCHA. According to petitioners, NYCHA neither accepted the certifications nor reinspected the units to verify that the repairs had been made. Petitioners seek writs of mandamus compelling NYCHA to (i) process the renewal leases and pay the requested increased subsidies; and (ii) reinstate the subsidies that were previously suspended due to HQS violations that were subsequently remedied.[2]

NYCHA did not answer the petition, but instead cross-moved to dismiss, arguing that petitioners are not entitled to mandamus relief, that most of petitioners' claims are time-barred, and that petitioners failed to file a notice of claim. Supreme Court rejected NYCHA's notice of claim argument but dismissed the proceeding, concluding that petitioners had not demonstrated that they have a clear legal right to the relief sought. The court found that the decision to increase rent subsidies is not a purely ministerial act, but is a matter

---

1. Under procedures set forth in the notice NYCHA sends to owners advising of an HQS violation, the owner can either notify NYCHA that the repairs have been completed, after which NYCHA will reinspect the unit, or submit a form signed by the owner and the tenant certifying that repairs have been completed. If NYCHA does not accept the certification, NYCHA schedules an immediate reinspection to verify completion of repairs. Upon confirmation that the repairs have been completed, any suspended subsidy will be reinstated.

2. The third cause of action alleges that NYCHA breached the HAP contracts. Petitioners' appeal, as limited by the briefs, does not challenge Supreme Court's dismissal of this claim.

entrusted to NYCHA's discretion, and that the determination as to whether subsidies should be reinstated after the HQS violations were remedied also is discretionary. The court did not reach the statute of limitations issue. Petitioners appeal and we now modify.

An article 78 mandamus proceeding may be brought to compel an agency "to perform a duty enjoined upon it by law" (CPLR 7803 [1]). It is well-settled that a mandamus to compel "applies only to acts that are ministerial in nature and not those that involve the exercise of discretion" (*Matter of Maron v Silver*, 14 NY3d 230, 249 [2010]). Thus, "the petitioner must have a clear legal right to the relief demanded and there must exist a corresponding nondiscretionary duty on the part of the administrative agency to grant that relief" (*Matter of Anonymous v Commissioner of Health*, 21 AD3d 841, 842 [1st Dept 2005] [internal quotation marks omitted]).

■ Supreme Court properly found that the determination of the amount of any increase in the Section 8 subsidy is not purely ministerial but a matter entrusted to NYCHA's discretion. An owner cannot receive a rent increase unless NYCHA first determines the reasonable rent (24 CFR 982.507 [a] [2] [i]). In doing so, NYCHA is required to compare the unit's rent to comparable unassisted units and must consider a myriad of discretionary factors, including location, quality, size, type and age of the unit, and any services, utilities and amenities provided (24 CFR 982.507 [b]). Because the determination of the amount of any rental increase involves the exercise of discretion, it is not subject to mandamus.

Petitioners counter that rental increases are governed by 24 CFR 982.519, not 24 CFR 982.507. As NYCHA points out, however, section 982.519 does not apply to the Section 8 voucher program at issue here (*see* 24 CFR 982.501 [c] [section 982.519 applies only to tenancies under the (distinct, and now-defunct) Section 8 certificate program]). Petitioners nevertheless argue that NYCHA should be judicially estopped from disclaiming reliance on section 982.519 because it relied, in part, on that regulation in its dismissal motion below. We need not decide the issue of estoppel because even if this regulation is applicable, the result would be the same because it too has a discretionary component (*see* 24 CFR 982.519 [b] [1] [ii] [requiring NYCHA to determine the reasonable rent in considering an owner's request for an increase]).

■ There is no merit to petitioners' argument that NYCHA is required to accept as presumptively reasonable the rental

increase percentages adopted by the RGB for rent-stabilized leases. The determination of rent reasonableness is governed by the Section 8 regulations set forth above, which make no mention of the RGB percentage increases. Moreover, the analysis conducted by the RGB is entirely different from the determination of rent reasonableness contained in the Section 8 regulations. The RGB sets maximum allowable rent increases for leases citywide based, inter alia, on the economic condition of the residential real estate industry, real estate taxes, operating maintenance costs and the availability of financing (see Administrative Code of City of NY § 26-510 [b]). In contrast, the Section 8 regulations require analysis of unit-specific factors, such as location, quality and size (see 24 CFR 982.507 [b]). Furthermore, the RGB-approved increases are not mandatory but merely set a maximum allowable ceiling, which an owner cannot exceed. Put simply, the maximum rent an owner may lawfully charge under rent stabilization is not the same as rent reasonableness under the Section 8 regulations (see 24 CFR 982.509 [recognizing that in addition to rent reasonableness under the regulations, the amount of rent to owners may also be subject to state and local rent regulation]).[3]

██ Although the eventual determination of reasonable rent will be the product of NYCHA's judgment, the agency does not enjoy similar discretion to not make a decision at all on the rent increase requests. The applicable regulation, relied upon by NYCHA, provides that before any rent increase is allowed, NYCHA "*must* redetermine the reasonable rent" (24 CFR 982.507 [a] [2] [i] [emphasis added]; see also 24 CFR 982.519 [a] [under regulation relied upon by petitioners, NYCHA must annually adjust rent at owner's request]). Upon the proper submission of a request for rent increase, NYCHA must process the request and come to a determination, whether adverse to petitioners' position or not. NYCHA cannot leave petitioners in limbo, neither granting nor denying their requests, many of which have been pending for a significant amount of time. Thus, the petition states a claim for mandamus relief to the

---

**3.** Petitioners rely on several statements about RGB increases allegedly posted on a previous version of NYCHA's website. Petitioners, however, provide only an excerpt of the statements precluding effective appellate review. In any event, NYCHA is not bound by any such pronouncements, because equitable estoppel cannot be invoked against a governmental agency to prevent it from discharging its statutory duties (*Matter of Gonzalez v Division of Hous. & Community Renewal of the State of N.Y.*, 95 AD3d 681, 682 [1st Dept 2012], *appeal dismissed and lv denied* 20 NY3d 1003 [2013]).

extent it seeks an order directing NYCHA to make a determination with respect to the rent increase requests (*see Klostermann v Cuomo*, 61 NY2d 525, 541 [1984] ["to the extent that plaintiffs can establish that defendants are not satisfying nondiscretionary obligations to perform certain functions, they are entitled to orders directing defendants to discharge those duties"]; *Matter of Utica Cheese v Barber*, 49 NY2d 1028, 1030 [1980] [although statute did not define the "reasonable time" within which agency had to render its decision on the petitioner's license application, agency still had to act]; *Matter of Davidson v LaGrange Fire Dist.*, 82 AD3d 1227, 1229 [2d Dept 2011] [where an agency fails or refuses to decide a particular matter where there was a nondiscretionary duty to do so, mandamus is appropriate to compel performance of the required duty]).

Likewise, the petition states a claim for mandamus relief to the extent it seeks to compel NYCHA to make a determination on the requests to reinstate suspended rent subsidies. Petitioners allege that they have submitted certification forms confirming that the requisite repairs have been made, yet NYCHA has failed to either reinstate the subsidies or reinspect the affected units. The relevant federal regulation provides that no subsidy payments can be made for units that fail to meet the HQS "unless the owner corrects the defect . . . and [NYCHA] verifies the correction" (24 CFR 982.404 [a] [3]). We agree with NYCHA that it has discretion to determine whether the violations were sufficiently cured and which method to use to verify that the necessary repairs were made (i.e., accepting the certification submitted or scheduling a reinspection). However, as with the rent increase requests, NYCHA does not have discretion to simply not act and indefinitely continue suspension of the subsidies. NYCHA has the duty to verify whether the repairs have been made, either by accepting the certification form or scheduling a reinspection.[4]

We reject NYCHA's alternative argument that the bulk of petitioners' claims are barred by the statute of limitations. An article 78 proceeding seeking mandamus to compel must be commenced within four months "after the [agency's] refusal, upon the demand of the petitioner . . . , to perform its duty"

---

4. NYCHA contends that a number of petitioners' claims are now moot because rent increases have been approved and suspended subsidies have been reinstated. These allegations, which have no relevance to the statute of limitations issue, can be raised in NYCHA's answer to the petition.

(CPLR 217 [1]; *see Matter of Moskowitz v New York City Police Pension Fund*, 82 AD3d 473, 473 [1st Dept 2011]). Thus, a petitioner must "make a demand and await a refusal, and the limitations period does not commence until the refusal" (*Adams v City of New York*, 271 AD2d 341, 341-342 [1st Dept 2000]). "The refusal must be clear and explicit" (*Matter of Fischer v Roche*, 81 AD2d 541, 542 [1st Dept 1981], *affd* 54 NY2d 962 [1981]), and "[i]f there is no refusal, the limitations period does not begin to run" (*Donoghue v New York City Dept. of Educ.*, 80 AD3d 535, 536 [1st Dept 2011]). Any ambiguity created by the agency should be resolved against it (*Fischer*, 81 AD2d at 542).

Here, petitioners' submission of the renewal leases and repair certification forms to NYCHA constitutes the demand for the agency to perform its duties. Petitioners allege that NYCHA did not issue any denials of the rent increase requests and similarly remained silent after the submission of the repair certification forms. Because there was no clear and explicit refusal of petitioners' demands, the statute of limitations has not yet begun to run (*see Matter of Town of Harrison Police Benevolent Assn., Inc. v Town of Harrison Police Dept.*, 69 AD3d 639, 640-641 [2d Dept 2010] [statute of limitations never began to run, since agency never explicitly refused to entertain the petitioners' demand]; *Matter of Coliseum Towers Assoc. v Livingston*, 153 AD2d 683, 685-686 [2d Dept 1989], *affd* 80 NY2d 961 [1992] [rejecting statute of limitations defense where there was no indication in record that the county had affirmatively refused to comply with the petitioner's request]).

■ Supreme Court properly rejected NYCHA's contention that this proceeding should be dismissed because petitioners did not file a notice of claim pursuant to Public Housing Law § 157 (1). "A notice of claim is not a condition precedent to [an article 78 mandamus] proceeding . . . seeking judicial enforcement of a legal right derived through enactment of positive law" (*Matter of Speis v Penfield Cent. Schs.*, 114 AD3d 1181, 1183 [4th Dept 2014], quoting *Matter of Sharpe v Sturm*, 28 AD3d 777, 778-779 [2d Dept 2006]; *Matter of Piaggone v Board of Educ., Floral Park-Bellrose Union Free School Dist.*, 92 AD2d 106, 108 [2d Dept 1983]; *see also Rachles v Lugo*, 199 AD2d 151, 151-152 [1st Dept 1993]). To impose such a requirement would not advance "the salutary purpose of allowing municipal defendants to conduct an investigation and examine the plaintiff with respect to the claim, and to determine whether

the claim[ ] should be adjusted or satisfied before the parties are subjected to the expense of litigation" (*Davidson v Bronx Mun. Hosp.*, 64 NY2d 59, 62 [1984] [citations omitted]). Since a writ of mandamus seeks only to enforce an already existing legal obligation of which the agency is aware, there is little need for any such investigation or examination (*see Matter of Cowan v Board of Educ. of Brentwood Union Free School Dist.*, 99 AD2d 831, 833 [2d Dept 1984] ["notice of claim requirement is inapplicable to cases which seek to vindicate tenure rights which are legal rights guaranteed by State law and in the public interest"]).

We have considered the parties' remaining contentions and find them unavailing.

Accordingly, the judgment of the Supreme Court, New York County (Cynthia S. Kern, J.), entered April 9, 2013, to the extent appealed from as limited by the briefs, granting respondent's cross motion to dismiss the causes of action seeking to compel respondent to process renewal leases requesting increases in Section 8 rent subsidies and pay the increases requested, and to reinstate previously suspended Section 8 rent subsidies, should be modified, on the law, to deny the cross motion to the extent the petition seeks to compel respondent to make a determination on petitioners' requests to increase subsidies and a determination on petitioners' requests to reinstate suspended subsidies, and to reinstate the petition to that extent, and otherwise affirmed, without costs.

FRIEDMAN, J.P., RENWICK, MOSKOWITZ and MANZANET-DANIELS, JJ., concur.

Judgment Supreme Court, New York County, entered April 9, 2013, modified, on the law, to deny respondent's cross motion to the extent the petition seeks to compel respondent to make a determination on petitioners' requests to increase subsidies and a determination on petitioners' requests to reinstate suspended subsidies, and to reinstate the petition to that extent, and otherwise affirmed, without costs.