In the Matter of SHAHNAWAZ KHAN, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORP. et al., Respondents. [43 NYS3d 271]—

Judgment (denominated an order), Supreme Court, New York County (Cynthia S. Kern, J.), entered July 18, 2014, denying the petition, inter alia, to annul a determination of respondent New York City Health and Hospitals Corp. (HHC), dated May 17, 2013, which terminated petitioner's appointment as Director of Pharmacy at Harlem Hospital Center, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court (Donna M. Mills, J.), entered April 29, 2015, which granted defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint, unanimously affirmed, without costs.

The termination of petitioner's appointment as Director of Pharmacy did not violate a constitutional or statutory provision or a policy established by decisional law (*see Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth.*, 62 NY2d 897 [1984]; *Matter of Stanziale v Executive Dept., Off.*

*of Gen. Servs.*, 55 NY2d 735 [1981]). In response to complaints from a number of his subordinates that petitioner favored employees of his own national origin, including his brother-in-law, giving them more favorable schedules and faster promotions, and discriminated against women and persons not of his own national origin, HHC conducted an investigation, which substantiated the complaints. Petitioner's contentions notwithstanding, the investigation was not unduly abbreviated or one-sided; HHC's investigating agent engaged in extensive interviews of departmental employees, including petitioner himself (*cf. Tenenbaum v State Div. of Human Rights*, 50 AD2d 257, 259 [1st Dept 1975] ["there were unresolved factual issues which could not be determined without according petitioner a complete and unequivocal right to be present at the preliminary conference" on his petition]). Notably, during his interview with HHC's agent and in a written response to HHC's written inquiry, petitioner continued to falsely deny that he had any familial relationship with any HHC employee, although his brother-in-law was a member of his department.

Petitioner failed to support his contention that he was discriminated against on account of his race, religion, and national origin with evidence of discriminatory animus on the part of any respondent. Nor did petitioner point to evidence that the investigation itself was a pretext for discrimination. Under settled law, the substantiated, nonpretextual complaints of petitioner's subordinates comprise a legitimate, nondiscriminatory, nonretaliatory reason for his termination as Director of Pharmacy, and are fatal to the claims raised in the amended petition of unlawful discrimination and retaliation in violation of the New York State and City Human Rights Laws (*see Cadet-Legros v New York Univ. Hosp. Ctr.*, 135 AD3d 196, 202 [1st Dept 2015]; *Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 AD3d 18, 25 [1st Dept 2014]) and Labor Law § 741 (*see* Labor Law § 741 [5]; *Blashka v New York Hotel Trades Council & Hotel Assn. of N.Y. City Health Ctr.*, 126 AD3d 503, 504 [1st Dept 2015]).

Respondents did not violate their internal policy of giving managerial employees two weeks' notice of any adverse employment action, since the policy permitted HHC to take "immediate action" if it determined that a delay would jeopardize HHC or its employees or clients; HHC's determination that a delay would have that effect was rational. Moreover, in view of the fact that many months elapsed between the notice of termination and petitioner's reassignment to a pharmacy post, petitioner failed to show that HHC's "immediate action" caused

him "substantial prejudice" (*see Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist.*, 80 NY2d 531, 535 [1992]).

Petitioner is barred by the doctrine of collateral estoppel from relitigating in the plenary proceeding the core issue decided in the article 78 proceeding, whether he was wrongfully terminated as Director of Pharmacy (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349-350 [1999]; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). The article 78 court concluded that petitioner was lawfully terminated following an investigation that found that he had engaged in misconduct. The court rejected petitioner's argument that the investigation was a pretext for discrimination or retaliation. Indeed, as discussed, a review of the record before the article 78 court reveals that petitioner submitted no evidence in support of his contention that respondents had discriminatory or retaliatory motives for terminating him. It thus being established conclusively that respondents terminated him for a legitimate, nonpretextual reason, petitioner cannot litigate in another proceeding his discrimination or retaliation claims under the City or State Human Rights Laws or 42 USC § 1981 (*see Vivenzio v City of Syracuse*, 611 F3d 98, 106 [2d Cir 2010] [employment discrimination claims under 42 USC § 1981 are governed by the standards applicable to claims under the State Human Rights Law]). Concur—Friedman, J.P., Sweeny, Saxe, Kapnick and Gesmer, JJ.