(September 12, 2017)

■ SUARNA MEHULIC, M.D., Appellant, v NEW YORK DOWNTOWN HOSPITAL, Respondent. [61 NYS3d 2]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered August 12, 2016, which granted defendant's motion for summary judgment dismissing plaintiff's amended complaint, unanimously reversed, on the law, without costs, and the motion denied.

The motion court properly deemed defendant's summary

judgment motion timely because it was made (that is, served) within 60 days after the filing of the note of issue, as per the court's directive to the parties (CPLR 2211, 3212 [a]; *see Corchado v City of New York*, 64 AD3d 429 [1st Dept 2009]).

However, the motion court erred in finding that plaintiff's retaliation claim under Labor Law § 741 is completely barred by collateral estoppel. The issue of whether defendant hospital terminated plaintiff doctor because she reported inadequate medical care to her supervisors, and later, the Department of Health was not at issue in the prior administrative proceedings and related CPLR article 78 proceeding, and was not necessarily decided in the prior proceedings (*Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]). The earlier proceedings were initiated by the Department of Health's Office of Professional Medical Conduct to determine whether plaintiff, then a not yet licensed second-year resident, should be able to pursue a medical license in New York, and under what conditions (*see Stevenson v Goomar*, 148 AD2d 217, 221 [3d Dept 1989], *lv dismissed* 74 NY2d 945 [1989]). The prior rulings determined that plaintiff had engaged in professional incompetence on three occasions, and that defendant did not fabricate the allegations, but there was no express or implied ruling that defendant terminated her employment on the basis of that incompetence, or whether in terminating her, defendant had impermissibly retaliated against her for whistleblowing (*see Matter of Mehulic v State Bd. for Professional Med. Conduct*, 107 AD3d 1066 [3d Dept 2013], *appeal dismissed* 22 NY3d 911 [2013]; *cf. Humphries v City Univ. of N.Y.*, 146 AD3d 427 [1st Dept 2017] [retaliation claim was barred by collateral estoppel where, among other things, the issue was decided in prior proceeding]; *Matter of Khan v New York City Health & Hosps. Corp.*, 144 AD3d 600, 602 [1st Dept 2016], *lv denied* 29 NY3d 905 [2017] [same]). Thus, while plaintiff is precluded from relitigating the three instances of incompetence found in the prior proceedings, collateral estoppel does not otherwise bar litigation of plaintiff's retaliation claim.

In response to defendant's prima facie showing that the termination of plaintiff's employment was predicated upon grounds other than her exercise of any rights under Labor Law § 741 (*see* Labor Law § 741 [5]), plaintiff submitted evidence to raise triable issues of fact (*Berde v North Shore-Long Is. Jewish Health Sys., Inc.*, 50 AD3d 834, 836 [2d Dept 2008]). Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.