Matter of Rosenthal v Roosevelt Is. Operating Corp. (2022 NY Slip Op 05965)

Matter of Rosenthal v Roosevelt Is. Operating Corp.

2022 NY Slip Op 05965

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Webber, J.P., Singh, Moulton, González, Pitt, JJ. 

Index No. 158795/20 Appeal No. 16524-16524A Case No. 2021-03157, 2022-00442 

[*1]In the Matter of Susan Rosenthal, Petitioner-Appellant,
v
Roosevelt Island Operating Corporation et al., Respondents-Respondents.

Storch Byrne LLP, New York (Steven G. Storch of counsel), for appellant.
Melick & Porter LLP, New York (Holly G. Rogers of counsel), for Roosevelt Island Operating Corporation, respondent.
Letitia James, Attorney General, New York (Stephen J. Yanni of counsel), for State of New York, Joseph Rabito, Kumiki Gibson, Simonida Subotic, Ruthanne Visnauskas, Robert F. Mujica, Conway Ekpo, Jeffrey Escobar, David E. Kapell, David Kraut, Howard Polivy and Michael Shinozaki, respondents.

Judgment (denominated a decision and order), Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about July 7, 2021, denying the petition to annul respondents' determination, which terminated petitioner's employment at respondent Roosevelt Island Operating Corporation, and to reinstate her employment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered on or about December 13, 2021, which, to the extent appealed from as limited by the briefs, denied petitioner's motion for consolidation with a plenary action, unanimously affirmed, without costs.
The determination to terminate petitioner's employment was not arbitrary and capricious (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]). The findings of respondents' investigation constitute legitimate, nondiscriminatory reasons for her termination, and serve to defeat the claims of discrimination and racial animus raised in the petition (Matter of Khan v New York City Health & Hosps. Corp., 144 AD3d 600, 601 [1st Dept 2016], lv denied 29 NY3d 905 [2017]).
Since we find that that court properly denied the petition, petitioner's request for consolidation is moot.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022