Rosenthal v Roosevelt Is. Operating Corp. (2023 NY Slip Op 06103)

Rosenthal v Roosevelt Is. Operating Corp.

2023 NY Slip Op 06103

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, Higgitt, JJ. 

Index No. 154096/21 Appeal No. 1105 Case No. 2022-03686 

[*1]Susan Rosenthal, Plaintiff-Appellant,
v
Roosevelt Island Operating Corporation et al., Defendants-Respondents.

Storch Byrne LLP, New York (Steven G. Storch of counsel), for appellant.
Busra Cundioglu, PLLC, New York (Busra Cundioglu of counsel), and Melick & Porter LLP, New York (Holly G. Rogers of the bar of the State of Connecticut, admitted pro hac vice, of counsel), for Roosevelt Island Operating Corporation, respondent.
Letitia James, Attorney General, New York (Stephen J. Yanni of counsel), for State of New York, Joseph Rabito, Kumiki Gibson, Simonida Subotic, Ruthanne Visnauskas, Robert F. Mujica, Conway Ekpo, Jeffrey Escobar, David E. Kapell, David Kraut, Howard Polivy and Michael Shinozaki, respondents.

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about July 27, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's claims alleging unlawful discrimination, unanimously affirmed, without costs.
Plaintiff is collaterally estopped from asserting claims of discrimination under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law (State HRL), and the New York City Human Rights Law (City HRL). In a prior article 78 proceeding, plaintiff challenged the termination of her employment, making allegations of race discrimination identical to those underlying the Title VII, State HRL, and City HRL claims in this action (see Matter of Khan v New York City Health & Hosps. Corp., 144 AD3d 600, 602 [1st Dept 2016], lv denied 29 NY3d 905 [2017]). The article 78 court denied the petition and dismissed the proceeding, finding that defendant Roosevelt Island Operating Corporation had a rational basis for terminating plaintiff's employment. This Court affirmed the dismissal, determining that "the findings of [defendants'] investigation constitute legitimate nondiscriminatory reasons for [plaintiff's] termination, and serve to defeat the claims of discrimination and racial animus raised in the petition" (Matter of Rosenthal v Roosevelt Is. Operating Corp., 209 AD3d 598, 598 [1st Dept 2022]). Thus, not only has plaintiff already had a full and fair opportunity to litigate the discrimination claims in the prior article 78 proceeding, but those claims were necessarily decided (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 350 [1999]; Matter of Khan, 144 AD3d at 602; Constantine v Teachers Coll., 93 AD3d 493, 494 [1st Dept 2012]).
Plaintiff's request for a name-clearing hearing is unpreserved for our review, as she failed to request such a hearing in her article 78 petition, before Supreme Court, or in opposition to defendants' motion to dismiss (see Matter of Ragone v Board of Educ. of City of N.Y., 194 AD2d 731, 732 [2d Dept 1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023