Matter of Solid State El. Corp. v New York City Dept. of Bldgs. (2023 NY Slip Op 06827)

Matter of Solid State El. Corp. v New York City Dept. of Bldgs.

2023 NY Slip Op 06827

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Kern, J.P., Oing, Gesmer, Moulton, Mendez, JJ. 

Index No. 153278/21 Appeal No. 1296 Case No. 2022-05202 

[*1]In the Matter of Solid State Elevator Corp., Petitioner-Appellant,
v
New York City Department of Buildings, Respondent-Respondent.

Rabinowitz Galina & Rosen, Mineola (Michael M. Rabinowitz of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Karin Wolfe of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about October 18, 2022, which denied the petition seeking, among other things, to annul respondent's determinations imposing civil penalties on petitioner's customers for failure to timely file elevator inspection test reports and affirmation of correction reports, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly denied the petition on the merits as DOB's decision to enforce [1 RCNY 103-02(f)] and require petitioner to pay the applicable civil penalty fee, perform a new inspection and test, and provide a new report, has a rational basis in fact and law, and is therefore not arbitrary and capricious. Furthermore, this proceeding is barred by the four-month statute of limitations applicable to article 78 proceedings (CPLR 217[1]). On multiple dates in 2019, respondent issued violations to building owners and imposed civil penalties due to petitioner's failure to file reports on safety inspections and tests of elevators that were required to be conducted in 2017, and any necessary affirmations of corrections of any defects found during the inspections or tests. Petitioner's principal acknowledged that he learned in September 2019, after all deadlines applicable to those reports had expired, that petitioner had failed to file the reports. Petitioner alleges that it promptly attempted to file the reports, and that respondent refused to accept the filings. This proceeding was commenced in 2021, more than a year after the expiration of all relevant deadlines and respondent's issuance of violations and imposition of civil penalties. The cases cited by petitioner, applying the four-month statute of limitations to proceedings seeking writs of mandamus (see Matter of Flosar Realty LLC v New York City Hous. Auth., 127 AD3d 147, 154-155 [1st Dept 2015]; Matter of Gopaul v New York City Employees' Retirement Sys., 122 AD3d 848, 849 [2d Dept 2014]), are inapplicable to this case because petitioner does not seek a writ of mandamus.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023