Kola v City of New York (2026 NY Slip Op 00194)

Kola v City of New York

2026 NY Slip Op 00194

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

Index No. 155411/23|Appeal No. 5605|Case No. 2024-06793|

[*1]Marjel Kola, Plaintiff-Appellant,
vThe City of New York et al. Defendants-Respondents.

Law Offices of Jimmy Wagner, Brooklyn (Jimmy Wagner of counsel), for appellant.
Muriel Good-Trufant, New York (Tahirih M. Sadrieh of counsel), for respondnets.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about January 11, 2024, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross-motion for leave to amend the complaint, unanimously affirmed, without costs.
As a threshold matter, we find that the claims were properly dismissed as against defendant police department, which is not an entity amenable to suit (NY City Charter § 396; Troy v City of New York, 160 AD3d 410, 411 [1st Dept 2018]).
Supreme Court also properly held that collateral estoppel bars plaintiff's claims alleging violations of the New York State and New York City Human Rights Laws (State HRL and City HRL) and aiding and abetting under the City HRL (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]). A prior decision denying CPLR article 78 relief bars a subsequent plenary action where, as here, the same issues were raised, fully litigated, and necessarily decided (see Rosenthal v Roosevelt Is. Operating Corp., 221 AD3d 551, 551-552 [1st Dept 2023]; Matter of Khan v New York City Health & Hosps. Corp., 144 AD3d 600, 602 [1st Dept 2016], lv denied 29 NY3d 905 [2017]).
Even if the above claims were not barred, the complaint fails to state a cause of action (CPLR 3211[a][7]). The religious discrimination claims fail to connect plaintiff's alleged religious beliefs to the requirement for vaccination (see Matos v Discovery Communications, LLC, 750 F Supp 3d 307, 320 [SD NY 2024]). Plaintiff's "conclusory assertions" of discrimination are "unsupported by sufficient factual allegations" (Currid v City of New York, 241 AD3d 777, 779 [2d Dept 2025]).
Moreover, plaintiff cannot "'establish[] that the City's process for resolving requests for accommodations to the vaccine mandate fell short of the requirements'" of either the City or State HRL (Matter of Ansbro v Nigro, 235 AD3d 525, 525 [1st Dept 2025], quoting Matter of Marsteller v City of New York, 217 AD3d 543, 545 [1st Dept 2023], appeal dismissed and lv denied 41 NY3d 960 [2024]; see also Matter of Bryan v Board of Educ. of the City Sch. Dist. of the City of N.Y., 222 AD3d 473, 473 [1st Dept 2023]). This Court's precedent upheld the procedures being challenged herein (see Matter of Ansbro, 235 AD3d at 526; Matter of Rysiejko v City of New York, 232 AD3d 432, 433 [1st Dept 2024]; Matter of Lynch v Board of Educ. of the City Sch. Dist. of the City of N.Y., 221 AD3d 456, 458 [1st Dept 2023], lv denied 42 NY3d 905 [2024]; Matter of Hogue v Board of Educ. of the City Sch. Dist. of the City of N.Y., 220 AD3d 416, 417 [1st Dept 2023], lv denied 42 NY3d 905 [2024]).
The aiding and abetting claim fails because there is no underlying violation (see Weir v Montefiore Med. Ctr., 208 AD3d 1122, 1123 [1st Dept 2022], lv denied 39 NY3d 911 [2023]).
Plaintiff's remaining claims were also properly dismissed for failure to state a cause of action. The claim for declaratory relief is moot, since the City rescinded the vaccine mandate in February 2023 (Matter of New York City Mun. Labor Comm. v Adams, 222 AD3d 437, 438 [1st Dept 2023]). It is also duplicative of the City HRL and State HRL claims (see Upfront Megatainment, Inc. v Thiam, 215 AD3d 576, 578 [1st Dept 2023]). The claim for intentional infliction of emotional distress is barred as against defendant City on public policy grounds (Dillon v City of New York, 261 AD2d 34, 41 [1st Dept 1999]), and it otherwise fails to allege extreme and outrageous conduct by the individual defendant (see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 57 [2016]; see also Matter of O'Reilly v Board of Educ. of the City Sch. Dist. of the City of N.Y., 42 NY3d 986, 990-991 [2024]).
As for the Free Exercise claim, plaintiff "has no private right of action to recover damages for violations of the New York State Constitution, since the alleged wrongs could be addressed by alternative remedies, including those pursued" here under the City HRL and State HRL (Farah v City of New York, 241 AD3d 1435, 1438 [2d Dept 2025]).
The breach of contract claim fails for lack of standing. Although plaintiff alleges that his employment was terminated in violation of his employment contract, the Police Benevolent Association is the designated collective bargaining unit for NYPD police officers such as plaintiff (Police Benevolent Assn. of the City of N.Y. v de Blasio, 2022 NY Misc LEXIS 11317, *1 [Sup Ct, Richmond County, Feb. 16, 2022, index No. 85229/21]; see also Matter of Police Benevolent Assn. of the City of N.Y., Inc. v City of New York, 215 AD3d 463 [1st Dept 2023], lv denied 40 NY3d 906 [2023]). Thus, plaintiff has no individual right to enforce the collective bargaining agreement (see Matter of Board of Educ., Commack Union Free School Dist. v Ambach, 70 NY2d 501, 508 [1987], cert denied 485 US 1034 [1988]).
Leave to amend the complaint was providently denied as futile (CPLR 3025[b]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026