Dougherty v City of New York (2026 NY Slip Op 00421)

Dougherty v City of New York

2026 NY Slip Op 00421

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Index No. 155088/23|Appeal No. 5700|Case No. 2025-00714|

[*1]Timothy Dougherty, Plaintiff-Appellant,
vThe City of New York, et al., Defendants-Respondents.

Law Office of Jimmy Wagner, Brooklyn (Jimmy Wagner of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondents.

Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ.

5700
Timothy Dougherty,
Plaintiff-Appellant,
-against-
The City of New York, et al.,
Defendants-Respondents.
Index No. 155088/23

Case No. 2025-00714

Law Office of Jimmy Wagner, Brooklyn (Jimmy Wagner of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondents.
Order, Supreme Court, New York County (Machelle J. Sweeting, J.), entered on or about January 8, 2025, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross-motion for leave to file an amended complaint, unanimously affirmed, without costs.
Supreme Court should not have dismissed the complaint as untimely, because the case was properly brought as a plenary action. Plaintiff chose to assert claims under the New York State and New York City human rights laws, the State Constitution, and the common law, rather than seeking administrative review of the denial of his reasonable accommodation request, as was his right (see Farah v City of New York, 241 AD3d 1435, 1436 [2d Dept 2025], citing Koerner v State of N.Y., Pilgrim Psychiatric Ctr., 62 NY2d 442, 446-448 [1984]). Accordingly, the much shorter statute of limitations for article 78 proceedings did not apply (see Koerner, 62 NY2d at 447).
Nevertheless, the motion court properly dismissed the action because plaintiff failed to state a cause of action. The City Human Rights Law (HRL) provides:"It shall be an unlawful discriminatory practice for an employer . . . to impose upon a person as a condition of . . . retaining employment any terms or conditions, compliance with which would require such person to violate . . . such person's creed or religion, . . . and the employer shall make reasonable accommodation to the religious needs of such person."
(Administrative Code of City of New York § 8-107[3][a]). A reasonable accommodation is "such an accommodation to an employee's . . . religious observance or practice as shall not cause undue hardship in the conduct of the employer's business" (Administrative Code § 8-107[3][b]). A "determination that no reasonable accommodation would enable the person . . . to satisfy the essential requisites of a job . . . may only be made after the parties have engaged, or the covered entity has attempted to engage, in a cooperative dialogue" (Administrative Code § 8-107[28][e]).
Even under New York's lenient pleading standard, plaintiff's allegations fail to support his claim that defendants unlawfully refused to accommodate his sincerely held religious belief that the COVID-19 vaccine violated his Catholic religious practice, and that they refused to engage in a cooperative dialogue aimed at addressing his religious needs (see Matter of Marsteller v City of New York, 217 AD3d 543, 544 [1st Dept 2023], appeal dismissed and lv denied 41 NY3d 960 [2024]; see also Farah, 241 AD3d at 1437; Currid v City of New York, 241 AD3d 777, 779 [2d Dept 2025]). Plaintiff's bare, conclusory allegation that the requirement that he receive the vaccine undermined the tenet of his faith that he was created in God's image was insufficient to show that he adhered to a bona fide religious practice or doctrine that defendants failed to accommodate (see Cagle v Weill Cornell Med., 680 F Supp 3d 428, 435-436 [SD NY 2023]). Plaintiff's claim that the City failed to engage in a cooperative dialogue is also unavailing (see Matter of Marsteller, 217 AD3d at 544- 545). Further, because plaintiff failed to allege facts showing that defendants discriminated against him under the New York City Human Rights Law or New York State Human Rights Law, his aiding and abetting claims and his claim for attorneys' fees were properly dismissed (see Weir v Montefiore Med. Ctr., 208 AD3d 1122, 1123 [1st Dept 2022], lv denied 39 NY3d 911 [2023]).
Plaintiff's claim under the Free Exercise Clause of the New York State Constitution also fails, as there is no private right of action to recover damages for state constitutional violations where the alleged wrongs may be redressed by alternative remedies such as the claims under the State and City Human Rights Laws (see Berrio v City of New York, 212 AD3d 569, 569-570 [1st Dept 2023]; Currid, 241 AD3d at 780).
Plaintiff's intentional infliction of emotional distress claim fails because public policy bars such a claim against governmental entities (see Melendez v City of New York, 171 AD3d 566, 567 [1st Dept 2019], lv denied 33 NY3d 914 [2019]). In any event, plaintiff's allegations are insufficient to demonstrate that defendants engaged in "extreme and outrageous conduct [that] intentionally or recklessly cause[d] severe emotional distress to" him (164 Mulberry St. Corp. v Columbia Univ., 4 AD3d 49, 56 [1st Dept 2004] [internal quotation marks omitted], appeal dismissed 2 NY3d 793 [2004]). Plaintiff's claim for declaratory relief is moot because, the COVID-19 vaccine mandate having been lifted and plaintiff no longer being required to show proof of vaccination, there is no justiciable controversy between the parties (CPLR 3001; see Big Four LLC v Bond Street Loft Condominiums, 94 AD3d 401, 403 [1st Dept 2012], lv denied 19 NY3d 808 [2012]; Currid, 241 AD3d at 780).
Finally, the motion court correctly denied plaintiff's cross-motion to amend the complaint, as the allegations in the proposed amended complaint fail to cure the deficiencies raised by defendants in their motion papers (see Meimeteas v Carter Ledyard & Milburn LLP, 105 AD3d 643, 643 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026