Glowatz v City of New York (2026 NY Slip Op 01306)

Glowatz v City of New York

2026 NY Slip Op 01306

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Index No. 159914/23|Appeal No. 6029|Case No. 2025-02547|

[*1]Jeffrey Glowatz, Plaintiff-Appellant,
vThe City of New York, et al., Defendants-Respondents.

The Law Office of Matt Bryant, P.C., Mineola (Matt Bryant of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Bo Malin-Mayor of counsel), for respondents.

Order, Supreme Court, New York County (Jeanine R. Johnson, J.), entered on or about April 4, 2025, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
The complaint should not have been dismissed as untimely. Plaintiff chose to assert claims under the New York State and New York City Human Rights Laws rather than seeking administrative review of the denial of his reasonable accommodation request, as was his right (see Dougherty v City of New York, —- AD3d ——, 2026 NY Slip Op 00421 [1st Dept 2026]; Farah v City of New York, 241 AD3d 1435, 1436 [2d Dept 2025], citing Koerner v State of N.Y., Pilgrim Psychiatric Ctr., 62 NY2d 442, 446-448 [1984]). Accordingly, the complaint was timely filed because plaintiff's claims are governed by a three-year statute of limitations (CPLR 214[2]; see Koerner, 62 NY2d at 447; Pichardo v Carmine's Broadway Feast Inc., 199 AD3d 593 [1st Dept 2021]).
Nonetheless, the motion court properly dismissed the action because even under a lenient notice pleading standard, it fails to state a cause of action for discrimination for failure to provide an accommodation under the State or City Human Rights Laws (see Lively v Wafra Inv. Advisory Grp., 211 AD3d 432, 433 [1st Dept 2022]; CPLR 3211[a][7]). Plaintiff's bare allegation that taking the vaccine conflicted with the Ten Commandments' broad admonition "thou shalt not kill" was insufficient to show that he adhered to a bona fide religious practice or doctrine that defendants failed to accommodate (see Kola v City of New York, — AD3d &mdash, 2026 NY Slip Op 00194, *1 [1st Dept 2026]; Matter of Rysiejko v City of N.Y., 232 AD3d 432, 433 [1st Dept 2024]; Matter of Marsteller v City of New York, 217 AD3d 543, 544 [1st Dept 2023], appeal dismissed and lv denied 41 NY3d 960 [2024]; Farah, 241 AD3d at 1437; see also Cagle v Weill Cornell Medicine, 680 F Supp 3d 428, 435-436 [SD NY 2023]). Plaintiff's claim that the City failed to engage in a cooperative dialogue is also unavailing (see Matter of Marsteller v City of New York, 217 AD3d 543, 544 [1st Dept 2023], appeal dismissed and lv denied 41 NY3d 960 [2024]).
Plaintiff's cause of action seeking a declaratory judgment ordering the New York City Police Department to consider and grant his reinstatement request is essentially an article 78 claim for mandamus, as plaintiff seeks to have the NYPD Commissioner take affirmative action on his pending request (CPLR 7803[1]; see New York Civ. Liberties Union v State of New York, 4 NY3d 175, 183-184 [2005]; see also Matter of Board of Mgrs. of Franklin Place Condominium v New York City Fire Dept., 213 AD3d 446, 446 [1st Dept 2023]). However, plaintiff failed to show that defendants have a nondiscretionary duty to grant the relief requested, or that he has a clear legal right to reinstatement (see Matter of Flosar Realty LLC v New York City Hous. Auth., 127 AD3d 147, 152 [1st Dept 2015]). The decision to reinstate plaintiff is not subject to mandamus because it involves the exercise of discretion (see id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026